### KLEIN v. KIRSCHBAUM.

1. EVIDENCE—TESTIMONY COMPETENT WHEN GIVEN ON TRIAL NOT RENDERED INCOMPETENT BY DEATH OF DEFENDANT DURING TRIAL.
    In a suit to have a partnership decreed and for an accounting thereunder, where, during a postponement of the trial, defendant died, testimony given before such postponement was not rendered incompetent under 3 Comp. Laws 1915, § 12553; such testimony having been "taken and used" in open court while admissible.

2. PARTNERSHIP—EVIDENCE—BURDEN OF PROOF.
    Plaintiffs in their bill of complaint having alleged a partnership, the burden of proof was upon them to establish its existence.

3. SAME—PARTICIPATION IN PROFITS ONLY PRIMA FACIE EVIDENCE OF PARTNERSHIP.
    Participation in profits, as between the parties, does not

---

[1]Witnesses, 40 Cyc. p. 2338 (Anno); [2]Partnership, 30 Cyc. p. 403; 20 R. C. L. 849; 4 R. C. L. Supp. 1380; 5 R. C. L. Supp. 1128; 6 R. C. L. Supp. 1238; [3]Id., 30 Cyc. p. 369; 18 L. R. A. (N. S.) 1077; 20 R. C. L. 824; 3 R. C. L. Supp. 1103; 6 R. C. L. Supp. 1236.

establish a partnership, but is only *prima facie* evidence thereof.

4. SAME—UNIFORM PARTNERSHIP ACT—PROFITS RECEIVED AS WAGES DOES NOT WARRANT INFERENCE OF PARTNERSHIP.

Under the uniform partnership act (Comp. Laws Supp. 1922, § 7966 [7]), participation in profits received as wages does not warrant an inference of partnership.

5. SAME—ACCOUNTING—INSUFFICIENCY OF EVIDENCE.

In a suit to have a partnership decreed and for an accounting thereunder, evidence examined and *held*, insufficient to establish such alleged partnership so as to state the terms thereof for an accounting.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 14, 1927. (Docket No. 114.) Decided October 3, 1927.

Bill by Julius Klein and another against Pizar Kirschbaum to establish a partnership, and for an accounting. During the trial defendant died and the Security Trust Company, administrator of his estate, was made defendant. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Joseph Sanders,* for plaintiffs.

*Behr & Coolidge,* for defendant.

WIEST, J. November 1, 1919, Pizar Kirschbaum was conducting a merchant tailoring establishment and wholesaling woolens and tailor trimmings on Woodward avenue, in the city of Detroit, and plaintiffs had a merchant tailoring establishment on Broadway in the same city. Plaintiffs filed the bill herein to have a partnership adjudged between them and Mr. Kirschbaum in the merchant tailoring business and an accounting decreed, claiming they discontinued their establishment on Broadway and became associated

---

4Partnership, 30 Cyc. p. 376; 18 L. R. A. (N. S.) 1026; 20 R. C. L. 834; 3 R. C. L. Supp. 1104; 4 R. C. L. Supp. 1379; 6 R. C. L. Supp. 1237; 5Id., 30 Cyc. p. 413.

with Mr. Kirschbaum in the merchant tailoring business on Woodward avenue under an agreement to conduct the business, be furnished woolens by Kirschbaum at cost, receive $50 each per week, Kirschbaum to receive the same amount, and the profits to be divided among the three. Mr. Kirschbaum, by answer, claimed plaintiffs entered his employ at $50 per week, and to share in the profits in a try-out to determine whether a partnership should be formed, and plaintiffs quit his employ because he would not agree to a partnership.

The cause came to hearing, Mr. Kirschbaum was called by plaintiffs for cross-examination and gave some testimony, at the close of which his counsel reserved the right to later examine him. One plaintiff also testified. The hearing was postponed, and before it was again taken up Mr. Kirschbaum died and the Security Trust Company, as administrator, appeared for his estate. At the adjourned hearing counsel for defendant moved to strike out all testimony taken at the first hearing on account of the death of Mr. Kirschbaum. The record does not show whether the testimony was stricken out or not.

Counsel for defendant state:

"The testimony of plaintiffs Julius and Oscar Klein became incompetent and inadmissible for any purpose whatsoever after the death of Pizar Kirschbaum, which took place during the trial of the case.    *    *    *

"The motion to strike the testimony of Oscar Klein given before Kirschbaum's death and to bar further testimony by either plaintiff appears on page 62 of the record and its correctness is conceded by Mr. Sanders on page 67;" citing 3 Comp. Laws 1915, § 12553; *Green* v. *Reid,* 229 Mich. 503.

The statute cited prevented further testimony by plaintiffs relative to matters equally within the knowledge of the deceased.

The testimony of Julius Klein (not that of Oscar) was taken at the first hearing. The testimony of

Julius Klein taken at the first hearing, and before the death of Mr. Kirschbaum, was competent and the death of Mr. Kirschbaum did not at all render the same inadmissible of consideration. The cited statute, excluding testimony equally within the knowledge of a deceased person, provides:

"That when the testimony or deposition of any witness has once been taken and used (or shall have heretofore been taken and used) upon the trial of any cause, and the same was, when so taken and used, competent and admissible under this section, the subsequent death or incompetency of such witness or of any other person shall not render such testimony incompetent under this section, but such testimony shall be received upon any subsequent trial of such cause."

Under this statute testimony taken in open court, and admissible and competent when given, is not rendered incompetent by death of the witness, and testimony so given by a party is not excluded by reason of his death. The testimony of Julius Klein was admissible and competent when given in open court and was not rendered incompetent by the death of Pizar Kirschbaum. The testimony of Mr. Kirschbaum was admissible and competent when given in open court, and his death did not render the same incompetent. Competent testimony is *used* when given in open court upon the trial of an issue.

The burden was on plaintiffs to prove the existence of the partnership they alleged. Have they established the fact of their association with Kirschbaum under an agreement to carry on as co-owners the tailoring business for mutual profit? As between plaintiffs and Kirschbaum the question of whether there was a partnership depended upon intention mutually entertained to be established by facts and circumstances. Participation in profits, as between the parties, does not establish a partnership, but is only *prima facie* evidence of a partnership, and such

inference may not be drawn if the profits are received as wages.    See uniform partnership act (Comp. Laws Supp. 1922, § 7966 [7]).    It is impossible, from this record, to find there was a partnership and state the terms thereof for an accounting.    Plaintiffs quit because they could not get Kirschbaum to put the terms in writing and find out the condition of affairs.

It is apparent from the testimony of Albert Wilensky that the same proposition was made to him, and, after a short trial, he was not content to draw $50 a week and take a chance on profits as his wages, but wanted to know what he was to be paid, and accepted $75 a week.    The testimony of Wilensky does not establish a partnership relation so far as he was concerned, and indicates plaintiffs held the same kind of a relation and none other.

Affirmed, with costs against plaintiffs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.