BLOCK *v.* SCHMIDT.

1. PARTNERSHIP—BURDEN OF PROOF.
    In suit for accounting, brought by administrator and heirs of
    one alleged to have been a member of a partnership consisting
    of two brothers against executor of survivor's will, plaintiffs
    had burden of establishing partnership insofar as they relied
    thereon for recovery.

2. SAME—EVIDENCE.
    Generally, stricter proof of the existence of a partnership is re-
    quired between members of the same family than between
    strangers.

3. SAME—EVIDENCE AS BETWEEN PARTNERS—REPUTATION.
    As between the partners themselves, proof of reputation of a
    partnership is not sufficient to establish it.

4. SAME—THIRD PERSONS.
    A partnership relation may exist as to third persons, when it
    would not be found to exist as between the partners them-
    selves.

5. SAME—INTENT.
    The intention of the parties to an alleged partnership is of
    prime importance in determining whether or not such a rela-
    tion existed where rights of third persons who have dealt in
    reliance on a holding out of such relation are not involved.

6. JOINT TENANCY—CREATION—SURVIVORSHIP—PARTNERSHIP.
    In suit for accounting on theory that plaintiff's intestate and
    defendant's testate, brothers, were partners, evidence dis-
    closed that the brothers procured conveyances to themselves
    with rights of survivorship, notwithstanding that convey-
    ances were to them and their heirs and assigns instead of
    to them and the heirs of the survivor and the fact that the
    word "joint" or term "joint tenancy" was not used (2
    Comp. Laws 1929, § 9865).

7. SAME—PERSONAL PROPERTY—SURVIVORSHIP—PARTNERSHIP.
    In suit for accounting on theory that plaintiff's intestate and
    defendant's testate, brothers, were partners, where evidence
    shows the uniform practice of the brothers to have been to
    take title, not only to such real estate as they acquired,

" but also to bank deposits and various investments in personalty in the name of both "either or survivor," the survivor took title to the exclusion of the heirs of the one dying first (2 Comp. Laws 1929, § 9865).

8. SAME—MORTGAGES.

Where two persons hold a real-estate mortgage with right of survivorship in each of such mortgagees, upon the death of one the other becomes possessed in his own right of full title to the mortgage.

9. SAME—PERSONAL PROPERTY—STATUTES—SURVIVORSHIP.

In the absence of statutory provisions to the contrary a right of survivorship may be created in personal property by its owners.

10. PARTNERSHIP—STATUTES—JOINT TENANCY.

Uniform partnership act providing that all property purchased with partnership funds shall be partnership property unless the contrary intention appears does not preclude partners from investing partnership assets and holding property so acquired as joint tenants with rights of survivorship (2 Comp. Laws 1929, § 9848).

11. PERPETUITIES—RESTRAINTS ON RIGHTS OF ALIENATION.

Use of the phrase "with rights of survivorship" or its equivalent in deeds by which brothers held real estate did not create an unlawful restraint on the part of a cotenant to alienate his interest during the joint lives of the brothers.

12. COSTS—EQUITY—DISCRETION OF COURT.

The matter of allowance of costs in equity is in the sound discretion of the trial court (3 Comp. Laws 1929, § 15435).

13. EXECUTORS AND ADMINISTRATORS—EQUITY—COSTS.

In suit for accounting brought by administrator of intestate brother's estate against executor of will of testate brother wherein trial court found plaintiff was successful in part but that the defendant executor had an apparently valid claim, not yet allowed, against the estate of the intestate, which exceeded somewhat the amount due plaintiffs, costs to plaintiff were properly denied (3 Comp. Laws 1929, § 15435).

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 21, 1941. (Docket No. 120, Calendar No. 41,447.) Decided March 11, 1941.

Bill by Clem H. Block, administrator of the estate of Henry C. Heier, deceased, Sophia Heier Munford,

John Heier, and Edna Heier Geib against Robert B. Schmidt, executor of will of George J. Heier, deceased, for accounting and other relief based on alleged partnership. From decree granting a portion of the relief sought, plaintiff appeals. Affirmed.

*Fred P. Geib,* for plaintiffs.

*Sigmund S. Zamierowski,* for defendant.

NORTH, J. This is a suit in equity in which the administrator of the estate of Henry C. Heier, deceased, and some of his heirs-at-law seek an accounting on the part of the executor of the estate of George J. Heier, deceased, and other relief. After full hearing in the circuit court, a decree was entered which granted to plaintiffs only a very small portion of the relief sought, and as to the major issues involved denied relief. Plaintiffs have appealed.

Henry C. Heier and George J. Heier were brothers. They had two sisters, Kate Heier and Sophia Heier Munford; and they also had a brother, Michael Heier, deceased, who left as his heirs-at-law two surviving children, plaintiffs John Heier and Edna Heier Geib. Upon the death of their mother the five brothers and sisters inherited a 30-acre farm in Gaines township, Kent county. On April 16, 1892, George and Henry acquired by deed the rights of the other heirs in this property. In January, 1898, George and Henry purchased 80 acres of land in Caledonia township, Kent county; and thereafter these two brothers and their sister Kate made their home together on the Caledonia farm. None of these three ever married. The sister Kate kept house for her two brothers and helped them with the farm work. Henry Heier died intestate June 11, 1938. Until that time the brothers had engaged in general farming and had prospered. After Henry's

death George continued .the activity until his death January 18, 1940. So far as this record discloses these two brothers never entered into any written agreement by which their business relations were defined or which fixed their respective interests in the property used in farming or in the accumulations of their activities. They kept no books of account. There is evidence that to some they were known as the "Heier Brothers;" and in an oil lease dated November 1, 1928, the word "partners" appears in parentheses after the names of these two brothers in the body of the lease and in the acknowledgement.

As the result of their industry during their years of activity they acquired title to another farm, making a total of three farms owned by them. They also acquired bank accounts, mortgages, other securities and farm personal property. After Henry's death George continued in possession of all of this property and at the latter's death the estate was appraised at upwards of $31,000. The executor of George's estate, defendant herein, has possession of and asserts ownership to the whole of the abovementioned property. On the other hand, plaintiffs assert that the estate and heirs of Henry Heier, deceased, are entitled to one-half of this property. The theory upon which plaintiffs assert their alleged rights is that for many years prior to Henry's death these two brothers were partners, that the property now claimed by the executor of the George Heier estate is the property of the partnership and upon the death of Henry his estate and his heirs were entitled to a one-half interest therein. Plaintiffs designate the ownership of Henry and George as "a tenancy in partnership." See 2 Comp. Laws 1929, § 9865 (1) (Stat. Ann. § 20.25 [1]). Plaintiffs also assert that the title of these two brothers to real estate and to certain items of personal property was

not such that George took sole title thereto by right of survivorship, as held by the trial court. As indicative of their position we quote from plaintiff's brief:

"The chancellor below, we submit, took altogether too narrow a view of the various expressions used in vesting ownership in George and Henry Heier of their several items of property. Their method of doing business is not in dispute. They did everything together. They manifestly did it for profit. They never divided their profits but invested, or held them in joint securities and joint bank accounts. This they did for 40 years. * * * Simply because they might designate themselves 'Heier Brothers' in some instances and 'George Heier and Henry Heier, with right of survivorship' in others, or 'George Heier and Henry Heier, as joint tenants, with right of survivorship and not as tenants in common' in still others, we submit, would not change their status as tenants in partnership."

There is no question but that over a period of years prior to Henry's death these brothers carried on a joint undertaking which at least in some of its aspects was in the nature of a partnership. The circuit judge found that as to the current proceeds or net results of their activities Henry and George were owners in common of the chattels used in the business of farming; but he further found, and this is challenged by appellants, that the investments made by these two brothers in such a manner as plainly to indicate their intention of creating a right of survivorship in such investments ceased to be a part of the partnership property and upon the death of Henry became the sole property of George by right of survivorship. This resulted in a decree which, subject to a limitation hereinafter noted, awarded plaintiffs a one-half interest in personal property owned and used by the brothers at the

time of Henry's death in carrying on their farming activity, the total value of such property being $1,095.39. All the other property involved in this litigation was decreed to belong to the estate of George Heier, deceased. He died testate, leaving a will in which, after gifts to some neighbors and a life use in all the remainder of his property to his sister Kate, the residue was given to the city of Grand Rapids for the use and benefit of the Sunshine Sanitarium.

The real issue is whether the joint undertaking or partnership relation between the two brothers was broader than was decreed by the circuit judge. In so far as plaintiffs rely for recovery upon an alleged partnership relation, the burden of establishing such relation is upon plaintiffs.

"The burden was on plaintiffs to prove the existence of the partnership they alleged." *Klein v. Kirschbaum,* 240 Mich. 368, 371.

"In the consideration of this vexing problem of whether a copartnership [or at least its extent] was established, it must be borne in mind that the burden of showing its existence is upon him who alleges it." *Fletcher v. Fletcher,* 197 Mich. 68, 72.

"It is the general rule that stricter proof of the existence of a partnership is required between members of the same family than between strangers." *Cole v. Cole,* 289 Mich. 202, 204.

In the instant case it is somewhat important to bear in mind two things. As between the partners themselves proof of reputation of a partnership is not sufficient to establish it. *Fletcher v. Fletcher, supra.* Also, that rights of creditors of the partnership are in no way involved in this case; therefore we are not concerned with that phase of the law wherein it is held a partnership relation may exist as to third persons, when it would not be found to

exist as between the partners themselves. See *Smith* v. *Hancock,* 163 Ga. 222 (136 S. E. 52) ; and *Floyd* v. *Kicklighter,* 139 Ga. 133 (76 S. E. 1011).

"But where rights of third persons who have dealt in reliance on a holding out [of a partnership relation] are not involved, the intention of the parties is of prime importance." *Morrison* v. *Meister,* 212 Mich. 516, 519.

Application of the legal principle enunciated in the last above cited authority is important and largely controlling of appellants' right to a modification of the decree in the circuit court in so far as they rely upon an alleged partnership relation between these two brothers. Our review of this record convinces us that, except to the extent they were decreed relief in the circuit court, plaintiffs have not established their contention. Instead the record is replete with testimony showing that as often as there was an accumulation of earnings from their farming activities, Henry and George invested such earnings in property to which the title was taken by them in a manner that conclusively established their intent to hold it with a right of survivorship. When these two brothers took title in 1892 to their first farm they took as tenants in common, at least they took a title without the right of survivorship. But their intent to establish a right of survivorship as between themselves is conclusively disclosed by the fact that subsequently the brothers conveyed title to this farm "to Charles H. Kinsey (Widower)"; and thereupon their grantee re-conveyed the same parcel to "George J. Heier and Henry C. Heier (Bachelors) with rights of survivorship."

And again as to the second farm purchased by these brothers, title as first conveyed ran to "George J. Heier and Henry C. Heier." But in March, 1929, Henry and George conveyed this farm to Mr. Kin-

sey and on the same day their grantee reconveyed to "George J. Heier and Henry C. Heier (Bachelors), with rights of survivorship."

The third farm, and the only remaining parcel of real estate owned by these two brothers at the time of Henry's death, was an 80 acres purchased by them in April, 1934. In the deed under which they took title to this parcel the grantees were designated as "George J. Heier and Henry C. Heier, or the survivor."

The fact that the titles to these farms were settled and taken in the manner above noted and that such titles so remained at the time of Henry's death is decisive of and against appellants' contention that these farms were held as partnership properties and in effect as estates in common. The intent of these brothers was clearly to the contrary; and as a matter of fact and law we hold, as did the circuit judge, that George Heier upon the death of his brother Henry took sole title as survivor to each of the farms. In so concluding we are mindful of, but not at all persuaded by, appellants' stress upon the fact that in the deeds to Henry and George the grants are to them "and their heirs and assigns," instead of to them and the heirs of the survivor. Nor do we find it at all controlling that in none of these three deeds is the word "joint" or the expression "joint tenancy" used. We think the terms in each of the deeds hereinbefore noted clearly and effectively created a right of survivorship. *Schulz* v. *Brohl,* 116 Mich. 603; *Finch* v. *Haynes,* 144 Mich. 352 (115 Am. St. Rep. 447).

If as to the ownership of the personal property involved in this appeal there were any doubt as to its having been the intent of these two brothers that they should hold such personal property with the right of survivorship, the manner in which they placed the titles to their parcels of real estate would,

under the circumstances of this case, be quite persuasive. But even without regard to such facts, the uniform manner in which Henry and George made their bank deposits and their various investments in personalty necessitates the conclusion that their ownership was intentionally one with right of survivorship. It is enough to note herein the character of evidence of ownership of each of these items of personal property, so far as they are particularized in appellants' brief. They are as follows: (1) An impounded bank account of $7,049.61 (appraised in George's estate at $1) and 112 shares of stock in the Peoples National Bank (appraised at $2,016), in the name of "George J. Heier or Henry C. Heier, either or survivor;" (2) a $9,186.60 account in the Old Kent Bank in the name of "George J. Heier or Henry C. Heier, jointly or survivor;" (3) a $6,475.81 account in the Peoples National Bank in the name of "George J. or Henry C. Heier, either or survivor;" (4) a real-estate mortgage for $1,750 designating the mortgagees as "George J. Heier or Henry C. Heier, either or survivor;" (5) a real-estate mortgage for $2,300 to "George Heier or Henry Heier, either or survivor;" (6) an American Bond & Mortgage account payable to "George or Henry Heier," in the amount of $370; (7) a certificate of participation in a second mortgage, Industrial Bank Building, Inc. (inventoried at $4.50), a certificate of participation, Book Tower Garage, Inc. (inventoried at $4.50), and preferred stock in Longwood Towers Company (inventoried at $65), all in the name of "George J. Heier and Henry C. Heier, either or survivor;" (8) Mayflower Hotel Corporation bond payable to "George J. Heier or Henry C. Heier, or survivor;" (9) Associated Mortgage Companies, Inc., bond, appraised at $173.25, payable to bearer and evidently found among the assets of George J. Heier, this item having been earlier evi-

denced by a bank certificate of deposit for $500 issued in the names of "George J. Heier and Henry C. Heier as joint tenants with a right of survivorship and not as tenants in common," but prior to Henry's death the unpaid balance of $350 on this certificate was exchanged for a bond of that amount in the Associated Mortgage Companies, Inc., payable to bearer and delivered to George Heier; and (10) sundry other stock and bond holdings, most, if not all, of which stood in the names of "George J. Heier and Henry C. Heier, joint tenants, with rights of survivorship and not as tenants in common."

Under the facts disclosed by this record there is no merit to appellant's contention that George J. Heier did not upon the death of his brother, Henry C. Heier, take sole title in himself to the real estate and to the bank deposits involved in this litigation. The conclusion that he took such title as a survivor is so elementary that we forego citing applicable statutory provisions or additional controlling decisions of this Court. Also in this jurisdiction the law has been definitely settled that where two persons hold a real-estate mortgage with right of survivorship in each of such mortgagees, upon the death of one the other becomes possessed in his own right of full title to the mortgage. *Lober* v. *Dorgan,* 215 Mich. 62; *Scholten* v. *Scholten,* 238 Mich. 679; *Forler* v. *Williams,* 242 Mich. 639. See, also, *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468. And, further, the above-cited authorities and others which might be noted have thoroughly established the law in this State that in the absence of statutory provisions to the contrary a right of survivorship may be created in personal property by its owners.

"Right of survivorship in personalty may be created by the express act of the parties, where the statute nowhere forbids it." *In re Peterson's Estate* (syllabus), 239 Mich. 452.

Under this record appellants' contention is not tenable that since all the property in suit was acquired by investments of partnership earnings, the property so acquired must be held under the uniform partnership act to belong to the partners, notwithstanding there were no creditors of the partnership, and notwithstanding the two brothers took title to the respective portions of their properties as above noted. The uniform partnership act does not provide in that particular an inflexible rule of law. Instead, the act expressly provides for cases wherein a "contrary intention appears." The pertinent portion of the statute reads:

"SEC. 8.    (1) All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise, on account of the partnership is partnership property;

"(2) *Unless the contrary intention appears,* property acquired with partnership funds is partnership property." 2 Comp. Laws 1929, § 9848 (Stat. Ann. § 20.8).

Nor do we find any merit in appellants' contention that the words "with rights of survivorship" and their equivalent as used in each of the deeds by which these brothers held title to their three farms "imposes an unlawful restraint upon the right of a cotenant to alienate his interest at any time during the joint lives of the grantees" and therefore are void. In this particular appellants cite and rely upon *Smith* v. *Smith,* 290 Mich. 143 (124 A. L. R. 215). The cited case is not in point. Instead decision therein was bottomed solely upon a holding that a restrictive provision wholly apart from the granting clause of the deed "was repugnant to the grant and a restraint on the inherent right of alienation and therefore void." The point decided is foreign to the instant case.

The matter of allowance of costs in equity is in the sound discretion of the trial court. 3 Comp. Laws 1929, § 15435 (Stat. Ann. § 27.2524). The circuit judge found that the Henry Heier estate had established a right of recovery against the George Heier estate in the amount of $547.70, but he also found that the George Heier estate had an apparently valid claim, not yet allowed, against the Henry Heier estate which exceeded somewhat the amount due plaintiffs in this case. On this account the circuit judge embodied in his decree the following:

"It is further ordered, adjudged and decreed that said defendant may set off against the amount due to the estate of Henry C. Heier, deceased, the claim of the defendant for the funeral and burial expenses of Henry C. Heier, in such amount as may be allowed finally by the probate court of Kent county in the estate of Henry C. Heier, deceased."

Surely plaintiffs were defeated in the major aspect of their case; and the above-quoted provision from the decree may result in largely or in fully off-setting the amount that would otherwise be decreed plaintiffs herein. In such a case it would be inequitable to award costs to plaintiffs; and therefore the provision of the decree that no costs should be awarded in the circuit court was fully justified.

Consideration has been given to other contentions made in appellants' brief, but we find in them no justification for disturbing the adjudication in the circuit court. The conclusions reached by the circuit judge and in accordance with which his decree was entered are fully justified by the settled law of this State. The decree entered in the circuit court is affirmed, with costs of this Court to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.