## LOBATO *v.* PAULINO.

1. PARTNERSHIP—EXISTENCE—BURDEN OF PROOF.
   One seeking dissolution of an alleged partnership, an accounting, injunctive relief and a receivership has the burden of proving the existence of the partnership.

2. SAME—EXISTENCE—EVIDENCE.
   In suit against husband and wife based on an alleged partnership between plaintiff and defendants, evidence was insufficient to establish existence of partnership.

3. SAME—HUSBAND AND WIFE—TENANCY BY ENTIRETIES.
   Mere fact that title to farm, used in conduct of piggery, was in name of defendant husband and wife as tenants by the entireties would not establish her as a partner in alleged partnership between defendants and plaintiff, brother of defendant wife.

4. SAME—MEMBERSHIP—CONSENT.
   One cannot be held as a member of a partnership as between the partners without the consent of all the partners (2 Comp. Laws 1929, § 9858 [g]).

5. SAME—MEMBERSHIP FROM SAME FAMILY—EVIDENCE.
   Stricter proof is required to establish a partnership between members of the same family.

6. SAME—PIGGERY BUSINESS—EXISTENCE—EVIDENCE.
   In suit based on an alleged partnership between plaintiff and defendant sister and brother-in-law in piggery business wherein plaintiff claimed right to one half of the net profits, evidence showing that defendant brother-in-law had invested $21,000 in the business, plaintiff had contributed no invested capital nor obligated himself to do so, there was no bank account in the firm name, entire profit had been accounted for in defendant brother-in-law's individual name in income tax returns and no certificate of copartnership had ever been

filed as required by statute failed to establish by a preponderance of the evidence either an express oral agreement to enter into a partnership or existence of a partnership from facts and circumstances or by mutual intent of the parties, notwithstanding plaintiff and defendant brother-in-law had been referred to as partners in garbage collection contract with a city (2 Comp. Laws 1929, § 9929).

7. SAME—DEFINITION.

A partnership is an association of two or more persons, which may include husband and wife, to carry on as co-owners a business for profit (2 Comp. Laws 1929, § 9846, as amended by Act No. 272, Pub. Acts 1941).

8. SAME—SHARING OF PROFITS—WAGES.

Mere sharing of profits is not conclusive of the existence of a partnership and participation in profits received as wages does not warrant an inference of partnership (2 Comp. Laws 1929, § 9847).

9. SAME—GIST OF RELATIONSHIP.

The gist of the partnership relation is mutual agency and joint liability.

10. SAME—INTENT.

The intention of the parties is of prime importance in considering whether a partnership exists.

11. SAME—DISTINCT LEGAL ENTITY.

A partnership is a distinct legal entity separate from the individuals.

12. SAME—OWNERSHIP OF PROPERTY AS EVIDENCE OF EXISTENCE—PROFITS.

Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership, does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

13. SAME—SHARING OF GROSS RETURNS.

The sharing of gross returns does not of itself establish a partnership.

14. SAME—REPUTATION.

Reputation and the opinion of others does not prove a partnership in a controversy between the parties asserted to be members thereof.

15. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTNERSHIP—
ADEQUATE REMEDY AT LAW.

> In suit for dissolution of an alleged partnership and an accounting, where plaintiff first raised question on appeal that if partnership did not exist, evidence established the breach of an agreement to share profits, merits of such question are not discussed as defendant might have interposed defense that plaintiff's remedy at law was adequate.

Appeal from Monroe; Golden (Clayton C.), J. Submitted January 7, 1943. (Docket No. 61, Calendar No. 42,234.) Decided April 6, 1943.

Bill by Anibal Lobato against Henry Paulino and Mariana, his wife, for accounting and other relief based on alleged partnership. Bill dismissed. Plaintiff appeals. Affirmed.

*Ida Lippman* and *Arthur E. Steiner (John Sklar,* of counsel), for plaintiff.

*Anthony A. Vermeulen* and *Louis J. Colombo (Edward J. McCormick,* of counsel), for defendants.

BOYLES, C. J. Plaintiff, claiming the existence of an oral partnership agreement with the defendants, filed a bill of complaint for a dissolution, accounting, injunctive relief, and a receivership. The defendants denied the existence of a copartnership, claimed the relationship was that of employer and employee, asked for an accounting of the funds received by plaintiff and that they have a decree therefor. The question for decision is whether the plaintiff has established by a preponderance of the evidence the existence of a partnership. The circuit judge held the proofs to be insufficient and denied plaintiff relief.

The burden of proof to establish a partnership is

on the plaintiff. *Block* v. *Schmidt,* 296 Mich. 610.
The record discloses the following situation:

These parties came to this country from Portugal about 25 years ago. Plaintiff and the defendant Mariana Paulino are brother and sister. Defendants are residents of Massachusetts and there engaged in the business of raising pigs. For a short time prior to his coming to Detroit in 1928, plaintiff engaged in a similar business in Massachusetts. After coming to Detroit, plaintiff for about 10 years was variously employed on parking lots and in industry until injured in an accident in 1936. At frequent intervals he was unemployed, and at about the time he claims the oral partnership agreement was entered into was in financial straits, borrowing money from his sister, defendant herein, for living expenses. He became indebted to the defendants for borrowed money to the extent of $200 or $250.

Plaintiff claims that the oral agreement to form a partnership was made in 1938. About that time, Henry Paulino came to Detroit to visit plaintiff and they discussed starting a pig business in Michigan. They looked about for a suitable farm, found a place in Monroe county, defendant Henry Paulino made the down payment on some land, a contract was executed running to him, the land was subsequently paid for and title taken in the name of the two defendants as husband and wife. Paulino began bringing in pigs by truck from his farm in Massachusetts, gradually increasing his investment in the Michigan pig business over the succeeding years until his gross investment at the time of trial aggregated about $21,000. At various times four trucks were purchased, paid for by Paulino, and title taken in his name individually. Plaintiff at no time contributed any funds in the business. He worked on the farm, in the business, and the dispute

is as to whether he worked for wages or as a co-partner.

Plaintiff's claim is set forth in his brief as follows:

"It is the plaintiff's claim that the agreement of the parties was that plaintiff should operate the business, that defendant should furnish the capital; plaintiff was to draw $20 per week for his services; defendant likewise was to draw $20 per week whenever he came here from Massachusetts and worked on the pig farm. Plaintiff's wife provided room and board for the help at the rate of $5 a week for each man. * * * Profits over and above the defendant's investment were to be divided 50-50. The agreement was oral, no copartnership certificate was ever filed, nor was any time limit or term ever agreed upon or discussed."

Plaintiff's version of the agreement as testified to by him was as follows:

"*Q.* Did you have any agreement to start in business?

"*A.* Yes.

"*Q.* What was that agreement, if you please?

"*A.* Well, I was to take care of the pigs and go, you know, look after some garbage, and my wife to feed the man.

"*The Court:* It would be better if you will relate the conversation you had as closely as you can remember it.

"*Q.* The day you entered into the partnership, tell what the conversation was.

"*A.* Well, he will put in the money to start the business and I will put my knowledge of pigs because he couldn't be here, he had business in Massachusetts, elsewhere; and so he went ahead and bought a truck, he paid cash for that truck.

"*Q.* Just a minute, Mr. Lobato; in March 1938—

"*A.* (Interrupting): That was when we started.

"*Q*. When Mr. Paulino came to Detroit what conversation did you have about going into partnership or into business, what did he say to you?

"*A*. Well, just what I am saying. * *. *

"*Q*. Will you tell the Court what else took place that day when Mr. Paulino came to Detroit and you talked about the partnership?

"*A*. Well, he wants to put in the money and I put my knowledge of the pigs and my wife to cook for the helper, and I was to look after the place and to divide the profits equal when there was any profits; and I was supposed—he was supposed to give me $20 a week, that is drawing $20 a week from the business, and him $20 also for the time he was here."

The defendant Henry Paulino testified as to the agreement as follows:

"*A*. I told him find garbage and find a farm the way I liked I go start a business, so sure I am going to give him some job. That was around March of 1938. What else I said to him, I don't remember. I think that is all I said. I did not say how many pigs I was going to have, how much money it was going to cost me.

"*Q*. What did you tell Al you wanted him to do?

"*A*. Work it for me.

"*Q*. You told him you wanted him to work for you?

"*A*. Yes.

"*Q*. What else did you tell him?

"*A*. I told him working for me when I get all my money back then me and him go in pig business all together.

"*Q*. The two of you to go in partnership?

"*A*. Yes, as soon as I get all my money I spend in the business."

This might be construed as an agreement to enter into a partnership at some future time, but falls

short of admitting an agreement for the present existence of a partnership. There is an entire absence of any testimony to establish the defendant Mariana Paulino as a partner. The mere fact that the farm used in the business was owned by Mariana and her husband as tenants by the entireties does not establish her as a partner. Nor can one be held as a member of a partnership as between the partners without the consent of all of the partners. 2 Comp. Laws 1929, § 9858(g) (Stat. Ann. § 20.18 [g]). Stricter proof is required to establish a partnership between members of the same family. *Cole* v. *Cole,* 289 Mich. 202; *Block* v. *Schmidt, supra.*

From a careful examination of the record before us, we are unable to find that the plaintiff has established by a preponderance of the evidence the existence of an express oral agreement between himself and the defendant Henry Paulino to enter into a copartnership. Nor can we find from the record that plaintiff has established the existence of a copartnership from the facts and circumstances or by the mutual intent of the parties. Paulino had invested more than $21,000 in the business at the time of trial. Plaintiff contributed no invested capital, nor was the plaintiff obligated to do so. There was no bank account carried on by these parties in a copartnership name. In income tax returns filed by Henry Paulino, he accounted for the entire profit from the Michigan pig farm as his individual income. No certificate of copartnership was ever filed in compliance with the statute.* Plaintiff explained this failure was because Paulino ''never want to come to agreement.'' A contract was entered into by plaintiff and Paulino in their individual names, with the city of Wyandotte for collection and dis-

---

* See 2 Comp. Laws 1929, § 9929 (Stat. Ann. § 20.111).—REPORTER.

posal of garbage from that city, in which plaintiff and Paulino were referred to as copartners. This is explained by Paulino as being because he could not read or write the English language, that the contract was explained to him by the plaintiff, that plaintiff told him he was supposed to put two names on the contract because Paulino was out of the State, that if anything happened plaintiff would represent him here, that the contract had to be in two names because Paulino was a nonresident. The certified check required with the bid for this contract was from Paulino, and the cash collateral, $2,400, which was required as a condition to the execution of the performance bond, was furnished by Paulino. He was also the only one who could justify a financial standing to procure the contract. It is not an unusual circumstance that these parties occasionally referred to themselves as "partners." The term is thus loosely used by others who may have a far better understanding of its legal significance than can be charged to these men.

A partnership is an association of two or more persons (which may include husband and wife) to carry on *as co-owners* a business for profit. 2 Comp. Laws 1929, § 9846, as amended by Act No. 272, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 9846, Stat. Ann. 1942 Cum. Supp. § 20.6). Mere sharing of profits is not conclusive of the existence of a partnership. *Morrison* v. *Meister,* 212 Mich. 516. Participation in profits received as wages does not warrant an inference of partnership. *Klein* v. *Kirschbaum,* 240 Mich. 368. The gist of the partnership relation is mutual agency and joint liability. *Penner* v. *DeNike,* 288 Mich. 488. The intention of the parties is of prime importance in considering whether a partnership exists. *Block* v. *Schmidt, supra.* A partnership is a distinct legal entity sep-

arate from the individuals. *Chisholm* v. *Chisholm Construction Co.,* 298 Mich. 25. Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership, does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property; the sharing of gross returns does not of itself establish a partnership, nor does the receipt by a person of a share of the profits of a business warrant an inference that a partnership exists if such profits were received as wages. 2 Comp. Laws 1929, § 9847 (Stat. Ann. § 20.7).

Plaintiff introduced testimony that others dealt with or considered plaintiff and Paulino as partners. Reputation and the opinion of others does not prove a partnership.

"It is undoubtedly true that it was generally understood in Alpena, as Mr. LeRoy testified, that they were a copartnership, but as between the parties such reputation of a partnership is not sufficient to establish it. Prof. Wigmore, in his work on Evidence (volume 2, § 1624), says:

" 'The use of reputation to prove the existence of an agreement of partnership does not seem justifiable either by the necessity of the case or by the trustworthiness of the evidence; for not only may testimony of the alleged partners, their admissions, and the written agreement, if any, be ordinarily obtained, but the possibilities of a misleading reputation are particularly strong. These considerations have been more than once clearly set forth judicially.' " *Fletcher* v. *Fletcher,* 197 Mich. 68.

The factual situation now before us is quite like that in *Morrison* v. *Meister, supra,* where this court said:

"The record is convincing that there was no intention on the part of the defendants to form a part-

nership. Very few of the *indicia* of partnerships were present and most of them were absent. This was the only property they had a common interest in; there was no firm name,· no firm funds, no firm accounts, no firm letterheads, no firm bank account, no commingling of funds or property, no certificate of partnership filed, no agreement as to losses, no time fixed when it would expire.''

Any detailed review of the lengthy conflicting testimony· would serve no useful purpose. Taking it as a whole, we are impressed, as was the trial judge who heard and saw the witnesses, that it distinctly falls short of satisfactorily establishing a partnership. The vagueness of the whole arrangement of itself renders it improbable that any partnership arrangement was mutually agreed upon by the parties. Plaintiff' fails to convince that he was ''co-owner'' of the business, or its property and assets. Plaintiff now raises the question, not raised by the pleadings or in the court below, that if a partnership did not exist, the evidence establishes the breach of an agreement to share profits. If the case had been started on this theory, defendants might properly have interposed the defense that plaintiff had an adequate remedy at law. Plaintiff cannot now rely on a different cause for action. The failure to prove a copartnership makes it unnecessary to consider other questions raised.

Decree affirmed, with costs to appellees.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.