## WINSHALL v. WINSHALL.

1. ACCOUNTING—DENTAL PARTNERSHIP—EVIDENCE.

In suit between brothers, practicing dentists, wherein plaintiff sought to be decreed sole owner of dental business and an accounting and defendant sought decree that he was the sole owner of two leases covering the premises and of certain equipment therein and a half owner of the business and also an accounting, finding of circuit judge that the litigants were copartners, that all the property except certain equipment belonging to defendant was partnership property, that defendant should account for sum received for certain assets, and that accounting should be had from a given date until date of defendant's reentry into the premises *held*, supported by record.

2. SAME—DENTAL PARTNERSHIP—JOINT OWNERSHIP—EVIDENCE.

In suit between brothers, practicing dentists, for accounting and other relief relative to dental business and property used in connection therewith, plaintiff's claims that defendant had merely provided certain equipment and worked in plaintiff's office for a percentage of the gross income and some additional moneys agreed upon and that defendant had sold out his interest to plaintiff on a certain date *held*, not sustained, where record shows them to have been joint owners and operators of the business entitled to share equally in net proceeds until new agreement was entered into on a given date making a different arrangement.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted April 10, 1945. (Docket No. 16, Calendar No. 42,636.) Decided June 4, 1945. Rehearing denied September 5, 1945.

Bill by Samuel T. Winshall against Jack I. Winshall for an injunction and an accounting. Cross

bill by defendant against plaintiff for an injunction, to determine ownership of property, and for an accounting. From decree entered, plaintiff appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Vandeveer & Haggerty,* for defendant.

NORTH, J. Aside from temporary injunctive relief, plaintiff herein seeks to be decreed sole owner of a dental business located at 2 John R Street in Detroit, and that defendant be permanently enjoined from coming to the place of business or in any way interfering with plaintiff in conducting said business, and from threatening to do plaintiff bodily harm. An accounting is also sought. Further in his brief plaintiff asks that the leasehold interests hereinafter noted be decreed to be his "sole and separate property." Defendant's answer denies the material allegations in the bill, and by cross bill he seeks a decree adjudicating him to be the sole owner of the two leases covering the premises where the dental business is conducted and of the improvements therein, and also the sole owner of "certain dental fixtures, instruments and chairs;" and further that he be decreed to be a one-half owner in the dental business. He also asks for an accounting. After a full hearing the circuit judge made the following findings:

1. That plaintiff was not entitled to any relief sought in his bill of complaint except injunctive relief and the right to an accounting.

2. That the parties hereto were copartners sharing equally in the profits and losses of this dental business until on or about May 28, 1942.

3.   That while defendant secured in his own name the two leases (one for space on the third floor and one for space on the fourth floor at 2 John R Street), nonetheless these leases were secured for the use and benefit of both partners.

4.   That all property of every kind and nature in these premises, the two bank accounts (in plaintiff's name), all accounts receivable, et cetera, are partnership property owned equally by the parties, except defendant is the sole owner of the equipment transferred by him from his former place of business to the location on John R Street.

5.   That the money in the two bank accounts was placed in plaintiff's name and the business was carried on in plaintiff's name for the sole purpose of protecting defendant from his creditors.

6.   That defendant in purchasing stock and equipment in his individual name did so for the use and benefit of both parties.

7.   That defendant received $1,000 incident to a sublease of part of the fourth floor space and the sale of furnishings located on the fourth floor at 2 John R Street.

8.   That defendant continued to work in the partnership office following February 25, 1942, until the last day of May, 1942.

9.   That on May 28, 1942, the parties entered into an oral agreement that plaintiff was to operate the office and draw a salary of $75 a week and also receive 40 per cent. of the profits from the business; and defendant was to receive 60 per cent. of the profits but no salary, and was to devote such time to the business as defendant deemed necessary; and further that the widowed mother of these parties was to receive $140 per month out of the income of the business.

10.  That as shown by the ''Cash Journal Book,'' plaintiff began drawing $75 per week from June 1, 1942, and continued to do so until July 10, 1942; but keeping such records was discontinued on the last-named date.

11.  That defendant on his cross bill was entitled to a decree that an accounting should be had from January 1, 1942, ''until the date of the re-entry of the defendant into the premises;'' and that the decree should require defendant to account for the $1,000 received by him incident to the sale of partnership property hereinbefore noted, and for any and all other partnership moneys taken or in possession of defendant within the period above noted in this paragraph.

It is from the decree entered in accordance with the foregoing findings that plaintiff has appealed. In the main appellant's contention is that the testimony does not sustain the finding that these litigants were ''copartners;'' and that from this erroneous conclusion other wrong results have been reached.  The personal relation of these litigants helps to throw light on their business relations involved in this suit.  Plaintiff and defendant are brothers, each engaged in the practice of dentistry. As young boys they came with their mother from Russia to this country.  They joined their father who some years before had immigrated.  He died in 1936, but the other members of the family continued to live together in a closely knit and mutually helpful relation.  There is testimony that each of the brothers assisted the other financially during the time of their professional training.  The defendant graduated from the Marquette University dental school; and after being employed for some time in the line of his profession he opened his own dental office in the Lafayette building in Detroit and maintained that office until 1941.

Plaintiff, although the older of the two brothers, graduated from the University of Michigan and became a licensed dentist about three years subsequent to the time defendant began the practice of that profession. After plaintiff's graduation in 1937, as an employee he practiced his profession until 1940. According to his testimony, he was desirous of opening an office of his own, and for that purpose secured the location at 2 John R Street. By separate leases space was obtained on the third and fourth floors. These leases were in defendant's name, but plaintiff asserts that by previous arrangement the defendant in fact obtained the leases solely for plaintiff. On the other hand defendant claimed that the leases were not only in his name but were his sole property. These conflicting claims are characteristic of much of the testimony given by these brothers respecting their subsequent relations and rights; and it would serve no useful purpose to attempt to narrate the conflicts in full. As to their respective claims concerning the leases the trial judge did not accept the testimony of either of the brothers, but instead found a partnership relation between these brothers and that the leases belonged to the partnership.

At the inception in 1940 of business relations between these brothers in their profession defendant was financially embarrassed. It was obviously for the purpose of warding off defendant's creditors that the business of these parties at 2 John R Street was carried on in the name of plaintiff. And it was this same situation which resulted in the bank accounts incident to their dental business being carried in plaintiff's name, although defendant had a power of attorney in consequence of which he could withdraw money from the account. The conduct of the business in the manner and for the purpose indicated has produced conditions in the instant case

which make definite ascertainment of the truth more difficult. But a careful review of this record satisfies us that the trial judge reached a correct conclusion.

Appellant stresses the contention that because each of these parties testified they were not in "partnership," therefore the trial judge must have been in error in concluding otherwise. In this connection appellant's brief cites holdings to the effect "that consent of all the parties must be found in order to create such a (partnership) relation," *Bush* v. *Haire,* 197 Mich. 85; and "the sharing of gross returns does not of itself establish a partnership," *Lobato* v. *Paulino,* 304 Mich. 668, 676. Notwithstanding the foregoing, the relationship and relative rights of these parties should in this case be determined on the basis of all the facts and attendant circumstances. We think it is not a controlling circumstance whether in a strictly technical sense a partnership existed between these two parties or whether they were engaged in a joint undertaking. At the very inception of the business at 2 John R Street each of these brothers borrowed $500 and put it into that business. Plaintiff had only a small amount of dental equipment which he brought with him to the new business, and in time defendant brought to the new place the dental equipment which he owned and had been using in the Lafayette office. Much, if not all, of the cost of the improvements in and about the John R Street offices and of the equipment and furnishings was paid out of office earnings. Each of the brothers withdrew money from the office earnings, and their mother's support in the way of a monthly allowance came from the same source. The business was being successfully and harmoniously carried out until January, 1942, at which time plaintiff married and

it is claimed his wife in an officious manner interfered with the firm's business. The relations between plaintiff's mother and his wife were not too friendly. Also, defendant over a period of years was closely associated with a woman named in the record, and she also made her contribution to the trouble which developed between these brothers.

From our review we are satisfied, as the trial judge seems to have found, plaintiff did not establish his claim that prior to March, 1942, defendant merely provided his dental equipment and worked in plaintiff's office for 11 per cent. of the gross income and some "additional moneys" from the business as agreed upon by the parties. Nor did plaintiff prove his contention that in March, 1942, defendant, being desirous of withdrawing from the business, sold all of his interest therein to plaintiff in consideration of plaintiff turning over to defendant one half of the money in the two bank accounts, amounting to substantially $1,600; and that thereupon plaintiff became sole owner of the dental business at 2 John R Street and the two leases to the premises the offices occupied.

Instead, the record is that these brothers were joint owners and operators of this dental business and were entitled to share equally in the net proceeds until on or about the 28th day of May, 1942, and at that time a new agreement was entered into between these brothers as set forth in the following finding of the trial judge.

"The court doth further find that on the 28th day of May, 1942, an oral agreement was entered into by and between the parties that plaintiff was to run the office and draw a salary of $75 a week, and receive in addition thereto 40 per cent. of the profits, and defendant was to receive no salary, but 60 per cent. of the profits, and the mother of the parties was

to receive $140 per month, and that the defendant, Jack I. Winshall, was to devote what time he deemed necessary to the operation of the business."

The decree as entered in the trial court, which among other things requires an accounting between these parties, is sustained by the record in this case and is affirmed. Costs to appellee.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.