FLETCHER v. FLETCHER.

1. PARTNERSHIP—RELATION—BURDEN OF PROOF.
   The burden of showing the existence of a partnership is upon the one who alleges it.

2. SAME.
   Stricter proof of the existence of a partnership is required between the partners than as against outsiders, especially where the one most interested is dead.

3. SAME—RELATION—EVIDENCE—SUFFICIENCY.
   On a bill against the executors of the estate of an alleged partner, evidence *held*, insufficient to show the existence of a partnership between plaintiff, his brother, a defendant, and their father, deceased, where there was evidence that it was the intention of decedent that his three children should share equally in his estate at his death and to hold that a partnership existed would result in depriving a third child of about two-ninths of his estate.

4. SAME.
   As between the parties, reputation of a partnership is insufficient to establish it.

Cross-appeals from Alpena; Emerick, J. Submitted October 19, 1916. (Docket No. 83.) Decided June 27, 1917. Rehearing denied March 28, 1918.

Bill by Frank W. Fletcher against Frank W. Fletcher and Allan M. Fletcher, executors of the will of George N. Fletcher, deceased, and Grace Fletcher King for an accounting. Defendant King filed an answer in the nature of a cross-bill asking affirmative relief. From the decree rendered, all parties appeal. Reversed, and decree entered.

*Henry & Henry* (*Gillett & Clark,* of counsel), for plaintiff.

*J. O. Murfin* (*Robert T. Gray,* of counsel), for defendant King.

*I. S. Canfield,* for defendant Allan M. Fletcher.

KUHN, C. J. For a long time prior to 1880 Mr. George N. Fletcher had been interested in the lumber business at and in the vicinity of Alpena, in this State, including the manufacture of lumber, purchase and sale of timber lands, and such other business and interests as are incident to a general lumber business. The bill alleges that in 1880 a partnership was organized under the firm name of Fletcher, Pack & Co., wherein George N. Fletcher held a four-tenths interest, Albert Pack a five-tenths interest, and Frank Fletcher a one-tenth interest, the purpose of the partnership being to carry on a general lumbering business, owning and lumbering timber and timber lands, manufacturing timber into lumber, selling and disposing of the same, and doing such other business as is usual and incident to a lumbering business. This partnership agreement was evidenced by written articles of copartnership and expired by limitation in 1890, the partners then signing a written agreement of dissolution in pursuance with their original articles of partnership, and in this written agreement of dissolution they determined and agreed upon a division

and disposition of the partnership interests undisposed of at the time of such dissolution. which was subsequently carried out.

It is the claim of the plaintiff, and his bill so alleges, that at the expiration of the period of the existence of Fletcher, Pack & Co. a copartnership known as George N. Fletcher & Sons was organized, the partners being George N. Fletcher and his two sons, Frank W. Fletcher and Allan M. Fletcher, each partner having and holding at the time and since the organization of such copartnership an equal undivided one-third interest of, in, and to the partnership and all the property and interests connected therewith; that this copartnership was created for the purpose of continuing the lumber business in substantially the same manner as it had been conducted and operated by Fletcher, Pack & Co. with Mr. Albert Pack eliminated therefrom. The bill stated that no writings of any kind were ever made in the nature of articles of copartnership or agreements indicating the interest held by the partners, amounts contributed or how contributed, the period of existence of the copartnership, or any other fact or matter pertaining to the organization or its existence. It is the claim of the plaintiff that it was understood by all parties interested that the new copartnership of George N. Fletcher & Sons was a family affair, and, as this was largely an operating company, taken in connection with the natural relation which the parties held to each other, no express written or verbal agreements as to the respective interests of the members of such copartnership were made or existed.

It is further alleged: That in 1884 George N. Fletcher became interested in the manufacture of wood pulp, and to that end built a pulpmill in the city of Alpena and established a business under the name of the "Alpena Sulphite Fiber Company," and in the

year 1889 this property was taken over by the Fletcher Paper Company, a Michigan corporation organized during that year. This company had a capital stock of $200,000 with 20,000 shares of the par value of $10 each, held as follows: George N. Fletcher, 4,900 shares; Frank W. Fletcher, 4,900 shares; Allan M. Fletcher, 4,900 shares; Grace Fletcher, 4,900 shares; and W. F. Victor, 400 shares. That subsequently the capital stock of this corporation was increased to $500,000, and such additional stock of 30,000 shares was taken and held by George N. Fletcher & Sons at the agreed value of 150 per cent. of its par value.

George N. Fletcher died November 5, 1899, leaving a will dated December 6, 1884. By the residuary clause of the will his wife and three children, Frank W. Fletcher, Allan M. Fletcher, and Grace Fletcher were made the residuary legatees, and, owing to the prior death of his wife, no one is now interested in the property or estate of George N. Fletcher, deceased, save his three children, all of whom are living and are now involved in this unfortunate litigation. Grace Fletcher has been married, and is known in this litigation as Grace Fletcher King.

The lower court sustained the contention of plaintiff and held that George N. Fletcher & Sons was a copartnership consisting of George N. Fletcher, Frank W. Fletcher, and Allan M. Fletcher, as equal copartners. The defendant Allan Fletcher in his answer avers that he has not sufficient knowledge with reference to the existence of the copartnership upon which to base an answer, but the defendant Grace Fletcher King answered, and now contends that George N. Fletcher & Sons was not a copartnership, but was rather a method adopted by George N. Fletcher for doing business.

Mr. George N. Fletcher was in his seventy-seventh year when it is claimed that this copartnership was

organized, and lived for ten years. Everything in the business had come from George N. Fletcher, and the books of George N. Fletcher & Sons were used as a clearing house for Fletcher, Pack & Co., the Fletcher Paper Company, and George N. Fletcher, and the accounts of these concerns and of the children of George N. Fletcher were at no time ever charged or credited with any interest.

In the consideration of this vexing problem of whether a copartnership was established, it must be borne in mind that the burden of showing its existence is upon him who alleges it. In this case the burden rests upon the plaintiff, and stricter proof is required between partners than as against outsiders, especially when the one most interested is dead. Rowley, in his Modern Law of Partnership, vol. 2, § 877, says:

"To establish the fact of partnership as between themselves much stricter proof is usually said to be required than in cases between partners and third persons. One reason for this is that it is within the power of the partners to give stronger evidence on the subject of the partnership than a third person could ordinarily produce. The rule has been stated thus:

" 'The fact of the existence or nonexistence of a partnership as between themselves must be gathered from the intention of the parties, and the court in arriving at the intention must form its conclusions from deductions drawn by analogy from principles of law applied to the facts and circumstances developed in the case.' *Heise* v. *Barth*, 40 Md. 259."

Mr. Mechem in section 1 of his work on Partnership says:

"Partnership is a legal relation based upon the express or implied contract of two or more competent persons to unite their property, labor, or skill in some lawful business as principals for their joint profit."

The real test of the situation before us is whether it can be said that it has been proven by competent

evidence that the parties intended to create a partnership. There being no writing or evidence of an oral agreement, the matter is made the more difficult because George N. Fletcher is dead and the lips of his sons are sealed on this subject. It will be impossible, within the limits of a written opinion, to review all the testimony introduced in an endeavor to enlighten the court as to the intention of the parties. Considering, however, what clearly appears and is practically conceded, that it was the desire of George N. Fletcher to have his property divided equally among his children, we are of the opinion that the plaintiff has failed to produce that strong and convincing proof to establish a partnership relation which would result in depriving his only daughter of substantially two-ninths of his estate.

Counsel for plaintiff in well-prepared briefs and argument insist that the partnership is established by evidence of the name, conveyances to and by them as a firm, the certificate filed with the county clerk to comply with Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), sworn to on March 3, 1913, by both Frank W. and Allan M. Fletcher, actions at law and in equity by and against them as a firm, the city directories of the city of Alpena, in which they are described as a copartnership, verified proceedings in the Wayne county probate court in which certain assets belonging to the estate of said George N. Fletcher are inventoried as "one-third stock account of George N. Fletcher & Sons," books of account, and the testimony of Wm. H. Le Roy, who was the confidential land man of the firm.

As has been said, George N. Fletcher was a man advanced in years when the copartnership was formed, and it appears that he took no active part in the details of the management of George N. Fletcher & Sons. Mr. MacPherson, an expert accountant, testi-

fied that in a talk with Mr. Frank Fletcher with reference to how the name George N. Fletcher & Sons came to be chosen Mr. Fletcher stated that "he probably suggested the name himself." No witness testified that George N. Fletcher ever said there was a copartnership. The nearest that any one came to it was the testimony of plaintiff's witness Le Roy, who said:

"I so understood it from the different members of the firm, and it was also general knowledge around the city that they were the members of the firm of George N. Fletcher & Sons."

The bulk of the real estate of the business under investigation always stood in the individual name of George N. Fletcher. Seven deeds were introduced which it is claimed indicated a copartnership, and, with one exception, there is no proof that George N. Fletcher knew anything about this method of doing business. He did sign a deed dated February 1, 1897, from George N. Fletcher to George N. Fletcher & Sons, but when he signed it did not purport to describe the individuals as partners. Mr. Frank W. Fletcher, the plaintiff, inserted in his own handwriting after "George N. Fletcher & Sons" the language in this deed: "George N. Fletcher, Frank W. Fletcher, and Allan M. Fletcher."

It is undoubtedly true that it was generally understood in Alpena, as Mr. Le Roy testified, that they were a copartnership, but as between the parties such reputation of a partnership is not sufficient to establish it. Prof. Wigmore, in his work on Evidence (volume 2, § 1624), says:

"The use of reputation to prove the existence of an agreement of partnership does not seem justifiable either by the necessity of the case or by the trustworthiness of the evidence; for not only may testimony of the alleged partners, their admissions, and the written agreement, if any, be ordinarily obtained, but the

possibilities of a misleading reputation are particularly strong. These considerations have been more than once clearly set forth judicially."

While the plaintiff has failed to establish by competent evidence the existence of the copartnership, it is also convincing that the existence of such a partnership would be inconsistent with established methods of George N. Fletcher in doing business and his often-expressed desire to have his children share equally in the distribution of his estate. This intention was evidenced by a letter he wrote his wife and daughter some time in the 80's the year not being definitely fixed, in which he said:

"Now, all I have belongs to us five in company, as much Grace's as any one."

That Mr. Frank Fletcher was also of that opinion is shown by a letter which he wrote his sister in which he said:

"To-day we none of us have anything as individuals. * * * I make no investments, Philippines or elsewhere, for myself."

This letter does not bear date, but from its contents it is evident that it was written after the death of his father.

One of the items in dispute, a $500,000 credit on the books of the copartnership alleged to have been transferred from the private funds of George N. Fletcher as a gift, in our opinion, in view of the relations of Mr. Fletcher to his daughter and his expressed intention to have her share in all of his property, shows that Mr. Fletcher must have thought that his daughter was interested in that business and would not be deprived of her share by the transfer so made by him.

Being constrained to find that no copartnership has been established, many of the other questions with reference to an accounting as to various items dis-

cussed at length in the briefs are eliminated. The various accounts should be balanced as of the date of Mr. Fletcher's death and a proper distribution of the $300,000 additional stock of the Fletcher Paper Company be made.

The decree of the lower court will be reversed, and a decree here entered in accordance with this opinion, with costs to the defendant, Grace Fletcher King, but without prejudice to the right of the parties hereto to have determined any claims they may have other than the existence of the general copartnership which is alleged in this bill of complaint.

STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.