HARRINGTON *v.* HAVEY.

1. WITNESSES — ADMISSION AGAINST INTEREST — DEFENDANT ENTITLED TO WHOLE CONVERSATION WHERE PLAINTIFF INTRODUCED PART.

In a suit by an administratrix against deceased's alleged partner for an accounting, where plaintiff produced a witness who testified that defendant told him that deceased had given him notes to purchase an interest in the business, defendant was entitled, on cross-examination of the witness, to have the whole conversation in evidence

---

[1]Witnesses, 40 Cyc. p. 2491.

and show that defendant also said that the notes had not been paid, that he had given them back, and that deceased did not have any interest in the business.

2. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—WAIVER.

The statute prohibiting defendant from testifying to facts equally within knowledge of deceased, *held*, not waived by plaintiff's counsel.

3. PARTNERSHIP—BURDEN OF PROOF.

In a suit by an administratrix for an accounting upon the theory that deceased was a partner in the business conducted by defendant, the burden of proof rests upon plaintiff to establish that such partnership existed.

4. SAME—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to discharge the burden resting upon plaintiff to establish the existence of an alleged partnership.

Appeal from St. Clair; Tappan (Harvey), J. Submitted January 4, 1927. (Docket No. 103.) Decided April 1, 1927.

Bill by Agnes Harrington, administratrix of the estate of George Harrington, deceased, against James A. Havey for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Don R. Carrigan,* for plaintiff.

*John B. McIlwain,* for defendant.

FELLOWS, J. George Harrington, now deceased, and defendant were at one time partners, conducting a store in Port Huron. They filed the certificate of partnership required by 2 Comp. Laws 1915, § 6354 *et seq.* This is not disputed. It is likewise without dispute that Harrington gave his notes to defendant for the interest he acquired in the business. After the death

²Witnesses, 40 Cyc. pp. 2296, 2351; ³Partnership, 30 Cyc. pp. 402, 647; ⁴Id., 30 Cyc. pp. 415, 647.

of Mr. Harrington, these notes being in the possession
of his widow, she sent for defendant and he went to
see her.   There is practically no dispute as to what
conversation took place between them.    Mr. Havey
explained to her that the notes were given by her hus-
band for an interest in the business; that he had
carried them several years, but deceased was unable
to pay them, and that several years before her hus-
band's death they were surrendered to him and he in
turn surrendered his interest in the business, and there-
after worked for wages.    She was not entirely satis-
fied with this explanation, but did say:

\* \* \* "She guessed it must be all right for Mr.
Harrington never had any money to pay any notes;
if I remember right she said some money she made
herself went to keep up the house."

Later this bill was filed for an accounting.

On the hearing questions arose on the admission of
testimony which should first be considered.    Plaintiff
called as a witness one Hess, who had been clerk in
the store for a number of years, and who testified
that on one occasion defendant told him that Harring-
ton gave him notes to purchase an interest in the
business.   On cross-examination he was asked for all
this conversation, and testified that in the same con-
versation defendant also said that Harrington had
not paid the notes and that he had given them back
to Harrington and that Harrington did not have any
interest in the business.    It was insisted by plaintiff's
counsel that these were self-serving statements and
should not have been received.    Obviously defendant
was entitled to have the whole conversation in evi-
dence.    It was not substantive proof.    The plaintiff
called out on direct-examination an admission against
interest, and then sought to close the mouth of the
witness; but when the whole conversation was before
the court it did not establish an admission against

interest and was not beneficial to plaintiff.    Only a
part of the conversation was proved by plaintiff.    De-
fendant was entitled to have it all before the court.
The trial judge entertained the view that plaintiff's
counsel had opened the door, and permitted defend-
ant to testify to facts equally within the knowledge
of the deceased.    A careful reading of this record
does not convince us that plaintiff's counsel waived the
statute, and we shall disregard such testimony as was
given by defendant of facts which were equally within
the knowledge of Mr. Harrington.

It appears from the oral testimony and from the
books, that at times about the first of the year, Mr.
Harrington was given varying sums in addition to his
wages.    On some of these occasions these sums were
given Mrs. Harrington, but it also appears that about
the same time sums were also given to Mr. Hess, who
had no interest in the business, and was but a clerk
in the store.    They were given as a donation or bonus,
Mr. Hess says, were in round figures, and the testi-
mony does not indicate that they were the result of
a checking over of accounts and a distribution of
profits.    The business, as is common, had its lean years
and its prosperous years.    So far as the record dis-
closes, Mr. Harrington was never called upon to make
up any deficiency in lean years, nor did he ever call
on defendant for distribution of profits in prosperous
years.    Plaintiff's counsel stresses the presumptions
which arise from filing the certificate of partnership
and the possession of the notes by Mr. Harrington.
With the elimination of defendant's testimony, the
parol proof was very meagre.    However, defendant
called a disinterested witness, Captain Duncan, who
was a good customer of the store, and who there pur-
chased supplies for his boat.    Shortly before Mr.
Harrington's death he settled his bill for the two weeks
previous, amounting to between $400 and $500, and,

supposing that Harrington was a partner, said to him: "You must be making lots of money," and that Mr. Harrington replied: "All I get is my weekly salary." This admission comports with the admission of the widow (plaintiff here) that her husband "never had any money to pay any notes," and sustains defendant's theory.

The plaintiff here seeks a decree for upwards of $7,000. To entitle her to such a decree the burden rests upon her to establish that a partnership existed between defendant and her husband at the time of his death. We are not satisfied she has discharged that burden, and must, therefore, affirm the decree dismissing the bill. Defendant will have costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.