COLE v. COLE.

1. PARTNERSHIP—MEMBERS OF SAME FAMILY—STRICT PROOF REQUIRED.

Generally stricter proof of the existence of a partnership is required between members of the same family than between strangers.

2. SAME—TIME FOR CONTINUANCE.

When no definite time has been fixed for the continuance of a partnership, it may be dissolved by the express will of any partner (2 Comp. Laws 1929, § 9871).

3. SAME—PARENT AND CHILD—PREPONDERANCE OF EVIDENCE—FINDING OF COURT.

In son's suit against father to dissolve an alleged partnership, for an accounting, an injunction and a receivership, evidence sustained finding of trial court that son failed to establish a partnership by a preponderance of the evidence.

Appeal from Kalamazoo; George (Fred M.), J., presiding. Submitted April 13, 1939. (Docket No. 113, Calendar No. 40,507.) Decided June 5, 1939.

Bill by Clyde B. Cole against Philip A. Cole to dissolve an alleged partnership, for an accounting and other relief. Cross bill for an accounting, an injunction, and other relief. Decree for defendant. Plaintiff appeals. Affirmed.

*Fred A. Sauer* (*Robert P. Sauer,* of counsel), for plaintiff.

*Marvin J. Schaberg* (*John C. Schaberg,* of counsel), for defendant.

POTTER, J.   July 11, 1938, plaintiff filed a bill in the circuit court for the county of Kalamazoo in chancery to dissolve a partnership alleged to exist between himself and his father, the defendant herein; for an accounting, an injunction, and for a receivership.   Defendant denied the existence of a partnership and all other material allegations contained in plaintiff's bill of complaint; and sought affirmative relief against plaintiff, an accounting, an injunction, and other relief.

Plaintiff and defendant are father and son.   It is claimed a partnership was entered into between the parties on or about August 1, 1919, and the main question herein is, whether such partnership was proven and established by a preponderance of the evidence.

Defendant is a competent business man who established and built up, maintained, and operated an extensive and profitable business under the name of Independent Oil Company, in Kalamazoo, Michigan. Just prior to the time the alleged partnership is claimed to have been entered into, plaintiff was em-

ployed in a vulcanizing shop in Augusta, Georgia; was not making money; was barely existing; was heavily in debt, drinking heavily; and there is testimony that he was a sort of impecunious and drunken son of a prosperous and esteemed father. Plaintiff was an only son. Defendant and his wife visited plaintiff and his wife in Georgia and when they returned to Kalamazoo defendant sent plaintiff $500 with which to pay up his debts and come back to Kalamazoo, and later, finding that plaintiff's debts exceeded the amount sent, he advanced another $160, and he probably agreed with plaintiff to make him a partner in the business if he would quit drinking and live within his income.

Defendant had been doing business under the name of the Independent Oil Company. After plaintiff came back from Augusta, Georgia, there was no change in the firm name, in the firm funds, in the firm accounts, in the firm letterheads, in the bank account, and no commingling of plaintiff's funds with those of defendant. No certificate of partnership was filed, no agreement was made upon the part of plaintiff whereby he was to share in the profits or the losses, no time was fixed for the continuance of a partnership, and no time fixed for its expiration. Plaintiff had no capital. He did not contribute anything to the business. He testifies he has never contributed anything to the business. In fact, the father paid up his debts in order that he could come back and get into business.

It is the general rule that stricter proof of the existence of a partnership is required between members of the same family than between strangers. *Fletcher* v. *Fletcher*, 197 Mich. 68. When no definite time has been fixed for the continuance of a partnership, it may be dissolved by the express will of any partner. 2 Comp. Laws 1929, § 9871 (Stat. Ann.

§ 20.31) ; *Walker* v. *Whipple,* 58 Mich. 476.   The trial court, after hearing the evidence, found:

·   ''The defendant herein had been in the oil business in Kalamazoo for many years, and through hard work and thrift had met with success.   His son, the plaintiff, had been in the employ of defendant at times, but due to his being addicted to the use of intoxicating liquor, about which the defendant was very much prejudiced, and properly so, inasmuch as his son, the plaintiff, had on more than one occasion due to this use been arrested, the plaintiff's employment terminated.

''The defendant at that time being about the age of 70, and desiring in some way to be soon in a position to cast aside a part of the responsibilities and enjoy relaxation during his declining years, determined to give his son another chance.   At this time the plaintiff was living in the south, where the defendant visited him and discussed the matter of plaintiff returning to Kalamazoo to re-engage in the defendant's business.   The defendant's purpose was that if the plaintiff worked diligently, and most important of all to the defendant, refrained from the use of liquor, a partnership would later be formed.   There was some testimony in the case from which perhaps it could be concluded that a partnership was entered into, but considering that in its best light, inasmuch as the plaintiff had certain things to live up to, it was later terminated on the failure of plaintiff so to do.   However, a consideration of the record in this respect would merely reflect a father's thought for a son, and a natural parental encouragement.   The consummation of the partnership really depended upon the son's abstaining from drinking.   Knowing the plaintiff's weakness and without further test or trial, that the defendant would take plaintiff immediately into the business as a partner seems absurd, and the court is of the opinion that the plaintiff has failed to prove the allega-

tions set forth in his bill of complaint by a preponderance of evidence.''

We agree with the conclusion of the trial court, and its decree dismissing plaintiff's bill of complaint, with costs to defendant, is affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.