### BARNES v. BARNES.

1. PARTNERSHIP—EXISTENCE—INTENT.

The intent of the parties, gauged by the legal effect of their agreement, bulks large in determining whether or not a partnership exists as may be claimed (CL 1948, § 449.7).

2. APPEAL AND ERROR—WEIGHT OF EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

The weight to be accorded taxpayers' draft copies of income-tax returns of plaintiff widow and her late husband in her suit to determine partnership interest against remaining members of partnership of which her husband had been a member *held*, for the trier of the facts, where such documents and the testimony showed he had been paid only wages and had been admitted without violating the so-called dead-man's statute relative to admission in evidence of matters equally within the knowledge of a deceased person (CL 1948, § 617.65).

3. PARTNERSHIP—EVIDENCE.

Partnership interest of plaintiff widow's decedent *held*, not revealed by books of the family firm by which he had been employed, there being no showing that he had shared a common authority in administration and control of the business, a common interest in the capital employed, a common enjoyment as of right in the profits, or suffered a common burden in the losses.

———————

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur, Partnership § 43.
[2, 3] 40 Am Jur, Partnership § 82 *et seq.*
Partnership as distinguished from employment, where rights of parties *inter se* or their privies are concerned.  137 ALR 6.

4. APPEAL AND ERROR—SCOPE OF SUIT—PARTNERSHIP.

> The scope of widow's suit against members of former partnership of which her husband had been at least an employee, found by the trial court not to embrace any claim against the defendants not arising from the partnership, is so considered by the Supreme Court.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 6, 1959. (Docket No. 8, Calendar No. 47,714.) Decided February 19, 1959.

Bill by Gladys Barnes, administratrix of the estate of William A. Barnes, deceased, against William M. Barnes, Roy V. Barnes and Edith Barnes Osgood to determine partnership interest and enforce payment of value thereof. Bill dismissed. Plaintiff appeals. Affirmed.

*John H. Norton,* for plaintiff.

*Dell, Heber & Leenhouts (Harry N. Dell,* of counsel), for surviving defendants.

SMITH, J. The issue in the case before us is the existence of a partnership interest in William A. Barnes, deceased.

Shortly after the close of what we commonly refer to as the "first" World War, around the year 1918, the Barnes Check Printing Company was formed. The 3 partners at that time were William M. Barnes and his 2 children, now Edith Barnes Osgood and Roy V. Barnes.

On February 24, 1945, the father, William M. Barnes, and another son, William A. Barnes, executed the agreement set forth substantially below:

"Know all men by these presents, that William M. Barnes and William A. Barnes, do hereby, for a valuable consideration, mutually agree as follows:

"William M. Barnes has transferred his interest in a certain copartnership, located in the city of Royal Oak, Michigan, known as Barnes Check Printing Company to William A. Barnes, to expedite the closing of the estate of the said William M. Barnes, in the event of his death. William A. Barnes holds said partnership interest in name only, the real copartner and interest being the said William M. Barnes, until the event of his death. Upon the death of the said William M. Barnes, William A. Barnes becomes the absolute owner of the aforedescribed partnership interest without further change or proceeding in the said copartnership.

"Dated at the city of Royal Oak, Michigan, the 24th day of February, A.D., 1945.

"(s) WILLIAM M. BARNES
William M. Barnes
"(s) WILLIAM A. BARNES
William A. Barnes"

Upon the same date a partnership certificate was filed with the county clerk showing the partners in the Barnes Check Printing Company to be Roy V. Barnes, Edith Barnes Osgood, and William A. Barnes.

Some 8 years later (and during the lifetime of the father) an instrument purporting to form a partnership named "Barnes Printing Company" was executed by the 3 children, Roy, Edith and William A. Barnes. This instrument is silent as to capitalization of the venture and the assets of the business.

The plaintiff's decedent, William A. Barnes, died on July 3, 1954. Subsequent to his death a financial statement was prepared, purporting to allocate a 1/3 interest in a business to William A. Barnes. The business is not identified in the "statement" but it apparently has reference to the Barnes Check Printing Company. This instrument also allocates interests to Roy V. Barnes and Edith Barnes Osgood, omitting any reference to the father, William M.

Barnes, who (so far as appears in the record before us) had no knowledge thereof. He died in 1957, subsequent to the commencement of the action before us but before trial thereof.

Plaintiff, administratrix of the estate of William A. Barnes, deceased, asserts that her deceased husband was a partner in the Barnes Check Printing Company but that the remaining partners have refused to pay to his estate its rightful share thereof. An accounting and award are asked, together with incidental relief. The trial chancellor found that plaintiff's decedent had no interest in the Barnes Check Printing Company or its assets and dismissed the bill. This, appellant asserts, was "against the great weight of the evidence."

Much learning, both ancient and modern, has gone into the determination of whether those who have pooled their properties and talents in a common endeavor, have thereby constituted themselves "partners." Various tests have had their days of primacy, only to be eroded by the scouring action of various unforeseen fact situations. Thus Lord Chief Justice DeGrey's famous dictum in *Grace* v. *Smith,* 2 W Bl 998 (96 Eng Rep 587), stressing a sharing of profits as conclusive of the relationship lost its eminence upon consideration of the situation in which profits were shared merely by way of compensation. Other tests have suffered similar compromise. At the present time no test is conclusive, though in modern law the factor of the intent of the parties, gauged by the legal effect of their agreement, bulks large. *Beecher* v. *Bush,* 45 Mich 188 (40 Am Rep 465). See section 7, uniform partnership act, CL 1948, § 449.7 (Stat Ann § 20.7).

The complete negation of any intent that William A. Barnes become an actual partner in the Barnes Check Printing Company is found in the very instrument upon which appellant places reliance, it

stating that the father was to retain his interest until death, the son to be a partner "in name only." Whatever the father and son may have had in mind in the execution of this instrument it is clear that there was no intent that the son become a principal in the business. Nor does the record, including the testimony, disclose that the son was invested with other of the usual indicia of a partner, no showing that he shared, with the others forming the firm, a common authority in administration and control of the business, a common interest in the capital employed, a common enjoyment as of right in the profits or suffered a common burden in the losses. As further evidencing the intent of the parties and their business structure, the taxpayers' draft copies before us of the income-tax returns of William A. Barnes and his wife (for the years 1949, 1950, and 1951) list, as income, only his wages as an employee. There was, we will note, no violation of the so-called dead-man's statute (CL 1948, § 617.65 [Stat Ann § 27.914]) in the admission of these documents and their weight was for the trier of the facts. *Cf., In re Wood's Estate,* 251 Mich 560. Moreover, and finally, the books of the company do not reveal a partnership interest in the son, nor do the office file copies of its income-tax returns.

The trial chancellor stated that he did not rule upon "what rights or cause of action, if any, the administratrix may have against Roy V. Barnes, Edith Barnes Osgood, under any claim not involving the assets and property of the partnership known as the Barnes Check Printing Company here sought to be accounted for by the administratrix of William A. Barnes, deceased." No more do we.

The decree is affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.