## MILLER v CITY BANK & TRUST COMPANY

1. APPEAL AND ERROR—JUDGES—FINDINGS OF FACT—BURDEN OF
   PROOF—NEW TRIAL—CLEAR ERROR RULE—COURT RULES.

   A claim that a trial court's finding that plaintiff had not carried her burden of proof is clearly erroneous does not require that plaintiff request a new trial in order to raise this issue on appeal.

2. PARTNERSHIP—EXISTENCE—FINDINGS OF FACT.

   The determination of whether a partnership exists is a question of fact (GCR 1963, 517.1).

3. PARTNERSHIP—EXISTENCE—BURDEN OF PROOF.

   The one alleging a partnership has the burden of proving its existence; this burden is stricter when relatives are the alleged partners and the fact that an alleged partner is deceased further raises the burden of proof.

4. PARTNERSHIP—ELEMENTS—CO-OWNERSHIP—PROFIT SHARING—
   JOINT CONTROL.

   The elements of a partnership are generally considered to include a voluntary association of two or more people with legal capacity in order to carry on, via co-ownership, a business for profit; co-ownership of the business requires more than merely joint ownership of the property and is usually evidenced by joint control and the sharing of profits and losses.

5. PARTNERSHIP—PROFIT SHARING—PRIMA FACIE EVIDENCE.

   Profit sharing is prima facie evidence of a partnership.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial § 213.
[2] 59 Am Jur 2d, Partnership § 81.
[3] 59 Am Jur 2d, Partnership § 80.
[4] 59 Am Jur 2d, Partnership §§ 4, 5.
[5] 59 Am Jur 2d, Partnership § 47 *et seq.*
[6] 59 Am Jur 2d, Partnership § 44.
[7] 59 Am Jur 2d, Partnership §§ 27, 42, 80.
[8] 59 Am Jur 2d, Partnership § 66.

6. PARTNERSHIP—CO-OWNERSHIP—MUTUAL CONTROL—MUTUAL
   AGENCY.

   Mutual agency and control is an indicia of co-ownership and is
   evidence of a partnership.

7. PARTNERSHIP—BUSINESS REGISTRATION PAPERS—PRESUMPTIONS—
   COMPETENT EVIDENCE.

   The filing of business registration papers listing a business as a
   partnership raises a presumption of partnership for as long as
   the registration is effective, but this presumption can be over-
   come by competent evidence.

8. PARTNERSHIP—EXISTENCE—USE OF TERM PARTNER.

   The use of the term "partner", although not controlling, is a
   factor to be considered in analyzing whether a partnership
   exists.

Appeal from Jackson, Gordon W. Britten, J. Submitted February 14, 1978, at Lansing. (Docket No. 77-2611.) Decided March 20, 1978.

Complaint by Isabelle Miller against City Bank & Trust Company, as executor of the Estate of Philip Miller, her deceased husband, for a declaratory judgment that there was a business partnership between plaintiff and her deceased husband while he lived. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Curtis, Davidson, Curtis & Nichols, P. C.,* for defendant.

Before: DANHOF, C. J., and BRONSON and N. J. LAMBROS,* JJ.

DANHOF, C. J. After a nonjury trial based on stipulated facts, the trial court found that plaintiff had failed to carry her burden of proof in establishing the existence of a partnership between

* Circuit judge, sitting on the Court of Appeals by assignment.

herself and her late husband. On appeal, plaintiff claims that the trial court's decision was clearly erroneous. We affirm.

In 1959, plaintiff met Philip Miller. Later, Mr. Miller asked plaintiff to marry him, to move to Jackson and to help him run his nursery business. They were married in Baltimore, and plaintiff gave up her well-paying job to move to Jackson. Although Mr. Miller had been operating the business for some time, it was close to failing at the time of their marriage. However, by 1974, the time of Mr. Miller's death, the business was prosperous.

Although plaintiff did not make any capital contributions to the partnership, she held a management position in the nursery business and did physical labor. She kept all the books (although an accountant did the taxes) and hired and fired employees. She received periodic payments (usually monthly) of $50 or $100. Whenever plaintiff received a check, Mr. Miller also received one for the same amount. Money for household expenses was also taken out of the business account.

Along with the nursery business, Mr. Miller was engaged in subdividing some of his land around the nursery. All the lots sold were owned by him prior to his marriage. The sold lots were conveyed by a deed from the Millers as husband and wife. Shortly before his death, Mr. Miller conveyed their homestead from himself to the couple as tenants by the entireties. No land was ever conveyed to the partnership. Both parties devoted time and effort in the operation of both businesses.

In 1960, a business registration certificate was filed for the nursery, which indicated that the business was operated as a partnership. A similar certificate was filed with respect to the subdividing

project in 1966, but this expired in 1971. Checking accounts, vehicles, and other equipment were bought and held under the assumed business name. On the other hand, annual tax forms and schedules listed the business as a sole proprietorship and plaintiff's occupation as a housewife. Michigan business activity forms also indicated a sole proprietorship. In 1968, in applying for a self-employed pension and profit sharing plan, Mr. Miller stated that his business was a sole proprietorship.

It is also stipulated that there was never any formal written partnership agreement. Plaintiff, however, states that Mr. Miller had described the relationship, when he asked her to marry him and at all times since, as that of partners and she was under the impression that they were business partners. Furthermore, she says, Mr. Miller told her that she was "the best partner he ever had".

On the basis of these facts, the trial court found that the plaintiff had not carried her burden of proof. Since plaintiff is claiming that this finding is clearly erroneous, she does not have to request a new trial in order to raise this issue on appeal, GCR 1963, 517.1, *Arnsteen v U S Equipment Co,* 52 Mich App 177; 217 NW2d 61 (1974).

The determination of whether a partnership exists is a question of fact and so the clearly erroneous standard of GCR 1963, 517.1 applies. The burden of proof to show a partnership is on the one alleging the partnership, *Falkner v Falkner,* 24 Mich App 633; 180 NW2d 491 (1970), *Fletcher v Fletcher,* 197 Mich 68; 163 NW 488 (1917), and the burden is stricter when relatives are the alleged partners, *Falkner, supra, Lobato v Paulino,* 304 Mich 668; 8 NW2d 873 (1943), *Cole v Cole,* 289 Mich 202; 286 NW 212 (1939). Also the

fact that the alleged partner is deceased further raises the burden of proof, *Fletcher, supra.*

The Uniform Partnership Act, § 7, MCLA 449.7; MSA 20.7, provides some guidelines for determining the existence of a partnership. In *Barnes v Barnes,* 355 Mich 458 at 461; 94 NW2d 829 (1959), the Court addressed § 7 and stated:

"At the present time no test is conclusive, though in modern law the factor of the intent of the parties, gauged by the legal effect of their agreement, bulks large. *Beecher v Bush,* 45 Mich 188 (40 Am Rep 465)."

In *Beecher v Bush, supra,* at 200, Justice Cooley stated that "except when one allows the public or individual dealers to be deceived by the appearances of partnership when none exists, he is never to be charged as a partner unless by contract and with intent he has formed a relation in which the elements of partnership are to be found". The elements of a partnership are generally considered to include a voluntary association of two or more people with legal capacity in order to carry on, via co-ownership, a business for profit. Co-ownership of the business requires more than merely joint ownership of the property and is usually evidenced by joint control and the sharing of profits and losses. With the intentions of the party to form a partnership as our polestar we will review the trial court's finding.

It is not disputed that the parties were involved in a business venture for profit and had the legal capacity to form a partnership. However, the evidence relating to co-ownership does not indicate that a legal partnership was contemplated. Prior to the marriage, Mr. Miller operated the business and owned all the property. Mrs. Miller made no capital contributions except her services. Even

though plaintiff worked long and hard hours, this does not establish that the parties had an agreement to form a partnership. This evidence could also be viewed as consistent with an employee-employer relationship or that of a helpful wife who assisted her husband without their intending a legal partnership.

Co-ownership is also indicated by profit sharing. In fact, profit sharing is prima facie evidence of a partnership, *Falkner, supra.* However, the court did not find an agreement to share profits and we cannot say that this was clearly erroneous. That Mr. and Mrs. Miller each received monthly payments from the nursery checking account does not necessarily establish profit sharing. The payments could also be reasonably viewed as salary or wages. Another possible interpretation would be that Mr. Miller was withdrawing money from his sole proprietorship and was dividing it equally because he felt an obligation to share equally with his wife, as a wife rather than a business partner.

Another indicium of co-ownership is mutual agency and control. That Mrs. Miller kept the books, wrote checks, and hired and fired does not necessarily establish any control other than that which might be given to a trusted employee. However, it is not necessary that this control be exercised as long as it exists. In view of the absence of the exercise of control or mutual agency, evidence of an agreement in respect to the division of control is about the only way to prove mutual agency and control. However, no evidence of an agreement with respect to mutual control was presented.

The intention of the parties to enter into a partnership comprising the above-mentioned elements is the controlling issue in this case. The

filing of the business registration papers listing the business as a partnership gives support to plaintiff's claim. As long as the registration was effective, it raised a presumption of a partnership, but this can be overcome by competent evidence, *Harrington v Havey,* 238 Mich 108; 213 NW 145 (1927). Since the registration certificate filed for the subdivision operation expired in 1971, it does not raise a presumption of a partnership. The trial court found that there was sufficient, competent evidence to rebut the presumption concerning the nursery business.

The other evidence supporting plaintiff's claim is that plaintiff testified that the parties entered into an oral agreement and that Mr. Miller told her "she was the best partner he ever had". The use of the term partner is one factor to be considered in analyzing whether a partnership exists, *Falkner, supra,* but it is not controlling. How heavily that factor weighs varies with the circumstances and the circumstances in this case make the use of that term ambiguous. Mrs. Miller seemed to consider the whole marriage as a partnership and Mr. Miller could have meant that she was the best partner in marriage rather than in business. Also, Mrs. Miller is an interested party and the trial judge is not bound to accept as true her testimony and the inferences she draws from it.

The evidence introduced against these claims indicated that the deceased did not intend to form a legal partnership with his wife. First, there is no written agreement and there is only plaintiff's testimony in support of an oral one. The income tax returns and schedules listed the business as a sole proprietorship, listed Mr. Miller's income as wages and Mrs. Miller's occupation as a housewife. In 1964, Mr. Miller applied for a self-employee

retirement deduction plan as a sole proprietorship. Mr. Miller's social security forms listed the business as a sole proprietorship. All the capital contributions came from Mr. Miller and the property remained in his name (or his and his wife's name), and none was transferred to the partnership. Shortly before his death, Mr. Miller deeded his homestead to his wife and himself as tenants by the entirety and this would seem needless if they already owned it as partners. Although none of these facts is conclusive, they are all factors to be weighed in the decision, *Moore v DuBard,* 318 Mich 578; 29 NW2d 94 (1947) (absence of a written agreement), *Falkner, supra* (that no capital was invested by the one alleging a partnership, whether the income tax returns listed the business as a partnership, and whether title to the property involved was transferred to the partnership).

After reviewing the entire record, we cannot say that the trial court's findings that the presumption established by the filing of business registration papers was rebutted by competent evidence and that plaintiff failed to carry her burden of proof were clearly erroneous.

Affirmed. Costs to defendant.