GROSBERG v MICHIGAN NATIONAL BANK OAKLAND

Docket No. 49534. Submitted February 19, 1981, at Detroit.—Decided
January 7, 1982. Leave to appeal applied for.

Merwin K. Grosberg and Sheldon Goldman were associated in the
construction and operation of the Chatham Fox Hills Shopping
Center. Goldman opened a joint checking account in his name
and Grosberg's name at Michigan National Bank Oakland by
forging Grosberg's signature on the necessary documents. Gold-
man then deposited $114,000 worth of negotiable instruments
issued by tenants of the shopping center into the joint account.
All the instruments were assets of the shopping center, some
payable to the shopping center, some to Goldman, some to
Grosberg, and some to Grosberg, doing business as Chatham
Fox Hills Shopping Center. By the time Grosberg discovered
the existence of the joint account, the proceeds of the negotia-
ble instruments had been withdrawn. Grosberg, doing business
as Chatham Fox Hills Shopping Center, brought suit against
the bank in Oakland Circuit Court for damages, alleging that
defendant converted checks made payable to him for his busi-
ness entity by accepting the checks for deposit into a nonpart-
nership account, supplying missing indorsements thereon and
treating plaintiff's checks as its own, thereafter allowing Gold-
man to withdraw the funds without authority to do so. The
court, Farrell E. Roberts, J., granted judgment in favor of
defendant on the basis that plaintiff and Goldman were part-
ners and that Goldman had a right to dispose of the checks
intended for the benefit of plaintiff, Goldman or Chatham Fox
Hills Shopping Center. Plaintiff appeals. *Held:*

1. It cannot be said that the trial judge erred by permitting
defendant to cross-examine witnesses and introduce evidence

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 839.
[2] 5 Am Jur 2d, Appeal and Error § 831.
[3] 59 Am Jur 2d, Partnership § 80.
[4, 5] 59 Am Jur 2d, Partnership §§ 76, 80.
[6] 59 Am Jur 2d, Partnership §§ 47, 48.
[7] 11 Am Jur 2d, Bills and Notes § 559.

regarding an alleged partnership between plaintiff and Goldman even though defendant did not expressly plead an affirmative defense based on partnership.

2. It cannot be said that the trial court's finding that a partnership existed was clearly erroneous.

3. Any error which may have occurred by the trial court's suggestion that as a partner Goldman had actual authority to dispose of partnership assets to third persons was harmless since this was only one of several independent grounds relied upon by the trial court for its finding of no liability on the part of defendant.

4. It cannot be said that defendant failed to act in accord with reasonable commercial standards by supplying the indorsement of plaintiff on instruments on which plaintiff was payee since defendant was a depositary bank dealing with instruments payable to a purported customer. The same is true with defendant's indorsement of instruments made payable to Chatham Fox Hills since defendant had previously accepted for deposit checks payable to Grosberg, doing business as Chatham Fox Hills Shopping Center. The defendant had reason to believe that Chatham Fox Hills was a trade name of plaintiff.

5. The defendant acted in accord with reasonable commercial standards when it allowed Goldman to open a joint account by presenting documents ostensibly signed by Grosberg.

Affirmed.

1. APPEAL — FINDINGS OF FACT — COURT RULES.

Findings of fact by a trial judge in an action tried without a jury are not set aside unless clearly erroneous (GCR 1963, 517.1).

2. APPEAL — FINDINGS OF FACT — COURT RULES.

The Court of Appeals, in reviewing a trial judge's findings of fact, gives particular regard to the opportunity of the trial judge to judge the credibility of the witnesses who appeared before him (GCR 1963, 517.1).

3. PARTNERSHIP — BURDEN OF PROOF.

The burden of proof to show a partnership is on the party alleging the partnership.

4. PARTNERSHIP — BURDEN OF PROOF — RELATIVES.

The existence of a partnership need be proved by clear and convincing evidence only where the alleged partners are relatives.

5. PARTNERSHIP — EVIDENCE — SHARING OF LOSSES.

The sharing of losses as well as profits may constitute evidence of partnership.

6. PARTNERSHIP — EVIDENCE — JOINT OWNERSHIP OF PROPERTY — SHARING OF PROFITS.

Joint ownership of property is not necessary to establish a partnership where the parties agree to share profits.

7. BANKS AND BANKING — DEPOSITARY BANKS — NEGOTIABLE INSTRUMENTS — INDORSEMENTS.

A depositary bank is entitled to supply a depositor's indorsement on negotiable instruments payable in the trade name of the depositor where the bank had previously accepted for deposit checks payable to the depositor, doing business as his business enterprise (MCL 440.4205[1]; MSA 19.4205[1]).

*Smith, Magnusson & Chartrand, P.C.,* for plaintiff.

*Kaufman, Roche & Ward, P.C.,* for defendant.

Before: D. C. RILEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. Plaintiff brought this action to recover the proceeds of a number of allegedly converted negotiable instruments. After a nonjury trial, the trial judge found no liability on the part of defendant. Plaintiff appeals by right.

Plaintiff was associated with Sheldon Goldman in the construction and operation of the Chatham Fox Hills Shopping Center. Goldman opened a joint checking account in his name and that of Grosberg at the bank by forging Grosberg's signature on the relevant documents. Goldman made a deposit in the amount of $114,000 in negotiable instruments issued by tenants of the shopping center. All of the instruments were assets of the shopping center; some were payable to the shopping center, some to Goldman, some to Grosberg,

and some to Grosberg, doing business as Chatham Fox Hills Shopping Center. When Grosberg eventually discovered the existence of the joint account, the proceeds of the negotiable instruments at issue had been withdrawn.

Plaintiff first argues that the trial judge erred by permitting defendant to cross-examine witnesses and introduce evidence regarding an alleged partnership between plaintiff and Goldman, since defendant did not expressly plead an affirmative defense based on partnership. GCR 1963, 118.3 provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

While defendant did not explicitly plead an affirmative defense based on partnership, the trial judge found that plaintiff was not prejudiced or surprised by the introduction of evidence on the partnership issue since defendant had asserted in an affirmative defense that Goldman was authorized to dispose of the funds at issue and since it had become apparent in the course of pretrial proceedings that defendant's theory of Goldman's authority was based on partnership. We cannot

say that the trial judge's findings in this regard were erroneous. We note, for example, that plaintiff offered evidence to show that no partnership existed before objecting to defendant's failure to plead an affirmative defense based on partnership. Compare *Szlinis v Moulded Fiber Glass Cos, Inc,* 80 Mich App 55, 60; 263 NW2d 282 (1977).

Findings of fact by the trial judge in an action tried without a jury are not set aside unless clearly erroneous. In reviewing the trial judge's findings of fact, this Court gives particular regard to the opoprtunity of the trial judge to judge the credibility of the witnesses who appeared before him. GCR 1963, 517.1. Plaintiff argues that the trial judge's finding of a partnership between plaintiff and Sheldon Goldman was clearly erroneous. The burden of proof to show a partnership is on the party alleging the partnership. *Falkner v Falkner,* 24 Mich App 633; 180 NW2d 491 (1970), *Miller v City Bank & Trust Co,* 82 Mich App 120; 266 NW2d 687 (1978). Plaintiff claims that a partnership must be proved by clear and convincing evidence; however, that standard applies only where the alleged partners are relatives. *Falkner, supra,* 644, *Miller, supra,* 123. Rules for determining the existence of a partnership are specified in MCL 449.7; MSA 20.7:

"In determining whether a partnership exists, these rules shall apply:

"(1) Except as provided by section sixteen [16] persons who are not partners as to each other are not partners as to third persons;

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property;

"(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived;

"(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

"(a) As a debt by installments or otherwise,

"(b) As wages of an employe or rent to a landlord,

"(c) As an annuity to a widow or representative of a deceased partner,

"(d) As interest on a loan, though the amount of payment vary with the profits of the business,

"(e) As the consideration for the sale of the good-will of a business or other property by installments or otherwise."

The sharing of losses as well as profits has been held to constitute evidence of partnership. *Folks v Burletson,* 177 Mich 6; 142 NW 1120 (1913). Here defendant produced evidence of an agreement for profit sharing and produced federal partnership tax returns showing that losses were actually shared. Under the statute, such evidence was prima facie evidence of the existence of a partnership. Plaintiff and an accountant employed by plaintiff during the time in question testified that plaintiff's relationship with Goldman was not a partnership but an association which would ripen into a partnership upon the occurrence of certain events. Plaintiff's testimony indicated that Goldman had spent 60% of his time for 5 years on the project without any compensation other than the possibility of becoming a partner in the future. Giving due regard to the opportunity of the trial judge to judge the credibility of the witnesses who appeared before him, we cannot say that the trial judge committed clear error by failing to regard

such testimony as controlling. Plaintiff relies in part on evidence showing that title to project property was in his name as sole owner; however, joint ownership of property is not necessary to establish a partnership where the parties agree to share profits. *Thurston v Detroit Asphalt & Paving Co*, 226 Mich 505; 198 NW 345 (1924). We cannot say that the trial judge's finding of a partnership was clearly erroneous.

The trial judge suggested, and defendant argues, that as a partner Goldman had actual authority to dispose of partnership assets to third persons. MCL 449.9; MSA 20.9 provides in part:

"(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority;

"(2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners."

The trial judge found that defendant had no knowledge of the existence of a partnership. In view of that finding, defendant could hardly rely on any apparent authority of Goldman as a partner.

MCL 449.25; MSA 20.25 provides in part:

"(1) A partner is a co-owner with his partners of specific partnership property holding as a tenant in partnership;

"(2) The incidents of this tenancy are such that:

"(a) A partner, subject to the provisions of this act and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners."

Thus, Goldman only had actual authority to dispose of partnership property for partnership purposes. Since no partnership purpose was involved in Goldman's disposal of the negotiable instruments at issue here, defendant could not rely on Goldman's actual authority.

However, any error of the trial judge in this regard was harmless. Goldman's actual authority was only one of several independent grounds relied upon by the trial judge for his finding of no liability on the part of defendant.

MCL 440.3419; MSA 19.3419 provides in part:

"(1) An instrument is converted when

\* \* \*

"(c) it is paid on a forged indorsement.

\* \* \*

"(3) Subject to the provisions of this act concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands."

MCL 440.4205(1); MSA 19.4205(1) provides:

"A depositary bank which has taken an item for collection may supply any indorsement of the customer

which is necessary to title unless the item contains the words 'payee's indorsement required' or the like. In the absence of such a requirement a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to his account is effective as the customer's indorsement."

The trial judge held that the instruments in question were not paid on forged indorsements. The only indorsement on the instruments was that of Goldman on a number of instruments on which Goldman was a payee. Defendant supplied the indorsement of Grosberg pursuant to MCL 440.4205(1); MSA 19.4205(1) on other instruments. Since defendant was a depositary bank dealing with instruments payable to a purported customer, we cannot say that defendant failed to act in accord with reasonable commercial standards by so doing. We have found no authority imposing a duty on a depositary bank to investigate a transaction before supplying such an indorsement. Compare, for example, *Leinert v Sabine National Bank,* 541 SW2d 872; 20 UCCRS 414 (Tex Civ App, 1976), in which an instrument payable to defendant bank and Jessie M. Hagedorn or Dolores K. Ward was at issue. The bank supplied the indorsement of Hagedorn to allow the instrument to be deposited in an account in the names of Hagedorn or Jackie Lee. Lee subsequently withdrew the proceeds of the instrument. The court held that the Texas equivalent of MCL 440.4205(1); MSA 19.4205(1) authorized the bank to supply the missing indorsement of Hagedorn, even though apparently neither Hagedorn nor Ward were made aware of the transaction.

No different result was required in regard to instruments made payable to "Chatham Fox Hills", the shopping center operated by Goldman

and Grosberg. The bank had previously accepted for deposit checks payable to "Grosberg, d.b.a. Chatham Fox Hills Shopping Center", so the bank had reason to believe that Chatham Fox Hills was a trade name of Grosberg. MCL 440.4205(1); MSA 19.4205(1) allowed the bank to supply the indorsement for an instrument payable in the trade name of a depositor. See *Dominion Construction, Inc v First National Bank of Maryland,* 271 Md 154; 315 A2d 69; 14 UCCRS 129 (1974), construing the equivalent provision of Maryland law.

The forgery here was not of Grosberg's indorsement on the instruments but of his signature on the documents opening the joint account. The trial judge found that defendant acted in accord with reasonable commercial standards when it allowed Goldman to open a joint account by presenting documents ostensibly signed by Grosberg. Plaintiff has not challenged that finding on appeal.

Affirmed.