*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY WEST,

　　　　　Plaintiff-Appellant,

v

CHARISE SPINK,

　　　　　Defendant-Appellee,

and

THOMAS DUNN,

　　　　　Defendant.

UNPUBLISHED
December 08, 2025
10:57 AM

No.  367151
Kalkaska Circuit Court
LC No.  2021-013559-CB

Before:  KOROBKIN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order denying his motion for a new trial or relief from judgment. A predecessor trial judge conducted a bench trial and ruled largely in favor of defendant Charise Spink.[1] We affirm.

## I.  BASIC FACTS

Plaintiff and defendant entered into a romantic relationship in the early 1990s and have three children together, but never married. They acquired properties together in Rapid City and ran businesses such as a laundromat, with plaintiff performing maintenance and defendant doing the paperwork. In 2000, plaintiff severely injured his back and became addicted to painkillers; the addiction evidently lasted into 2013. In 2007, plaintiff deeded the parties' properties to defendant,

---

[1] Thomas Dunn is listed as a defendant in the caption of the order appealed but was, in fact, dismissed from the case. Defendant Spink did not file a brief on appeal.

doing so in part because he wanted to make things easier for his family if he did not live much longer and so that he would qualify for Social Security Disability benefits.

In 2010, the parties terminated their romantic relationship. Defendant ended up deeding multiple parcels of property to plaintiff after the end of the relationship, and she paid off the mortgages on those parcels. Plaintiff believed that he was entitled to more properties, and therefore filed a complaint alleging that he and defendant were in a business partnership and that he should receive more of the partnership properties. He alleged, in the alternative, that defendant had been unjustly enriched by virtue of labor plaintiff performed on her properties. After a bench trial, the trial court concluded that the parties had not been in a business partnership after transfer of the deeds in 2007, and that no unjust enrichment had occurred. It did, however, award plaintiff parts of a Rapid City campground in accordance with promises defendant made at trial.

On appeal, plaintiff contends that the trial court erred by concluding that no partnership existed, erred in several respects with regard to its findings on the unjust enrichment claim, and erred by not awarding plaintiff more campground parcels.

## II.  STANDARDS OF REVIEW

This Court reviews "the trial court's factual findings after a bench trial and in an equitable action for clear error, and its legal conclusions de novo." *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 130; 743 NW2d 585 (2007). This Court gives deference to the trial court's greater ability to judge the credibility of the witnesses appearing at trial. *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 531; 695 NW2d 508 (2004). And "[a] finding is clearly erroneous if there is no evidentiary support for the finding or, after reviewing the entire record, this Court is definitely and firmly convinced that the trial court made a mistake." *Menhennick Family Trust v Menhennick*, 326 Mich App 504, 509; 927 NW2d 741 (2018). "A trial court's dispositional ruling on equitable matters, however, is subject to review de novo." *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005).

## III.  ANALYSIS

Plaintiff argues that the trial court erred by failing to find that he and defendant had a partnership relationship such that he is entitled to share in the properties he deeded to defendant in 2007.

MCL 449.6(1) states:

> A partnership is an association of 2 or more persons, which may consist of husband and wife, to carry on as co-owners a business for profit; any partnership heretofore established consisting of husband and wife only, formed since January 10, 1942 shall constitute a valid partnership.

And MCL 449.7(4) states:

> The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

(a) As a debt by installments or otherwise,

(b) As wages of an employe[e] or rent to a landlord,

(c) As an annuity to a widow or representative of a deceased partner,

(d) As interest on a loan, though the amount of payment vary with the profits of the business,

(e) As the consideration for the sale of the good-will of a business or other property by installments or otherwise.

In addition, "if the parties associate themselves to 'carry on' as co-owners a business for profit, they will be deemed to have formed a partnership relationship regardless of their subjective intent to form such a legal relationship." *Byker v Mannes*, 465 Mich 637, 646; 641 NW2d 210 (2002). Also, partnership property can be held in the name of one or more of the partners. *Mathews v Wosek*, 44 Mich App 706, 714; 205 NW2d 813 (1973). Whether a partnership exists is a question of fact, and the clearly erroneous standard of review applies. *Miller v City Bank & Trust Co, NA*, 82 Mich App 120, 123; 266 NW2d 687 (1978).

The trial court did not clearly err by finding that no partnership existed. There was no testimony presented about profit-sharing aside from some vague suggestions by plaintiff, but the trial court explicitly stated that it found plaintiff's testimony about the partnership to not be credible. We defer to the trial court's greater ability to judge the credibility of the witnesses appearing at trial. *Glen Lake-Crystal River Watershed Riparians*, 264 Mich App at 531. There was also no written partnership agreement, no evidence of partnership tax returns, and plaintiff admitted that he never informed his tax preparer that he was in a business partnership. A man who worked on maintaining the properties testified that defendant, at a certain point, began directing him "to go work on the [properties] without discussion with" plaintiff. The man stated that he "did work for [defendant], primarily." It is also significant that plaintiff conveyed to defendant properties previously owned by him and defendant during a time when he was plagued by medical issues. And to the extent that plaintiff did some work on the properties after they were deeded to defendant, plaintiff was compensated by having his living expenses paid by defendant. Given all these facts, we are not left with a definite and firm conviction that the trial court made a mistake in its decision about the partnership. *Menhennick Family Trust*, 326 Mich App at 509.

Plaintiff contends, in the alternative, that the trial court should have awarded him damages in the form of unjust enrichment. Generally, whether a party has been unjustly enriched is a factual question. *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006). "The theory underlying [such] quantum meruit recovery is that the law will imply a contract in order to prevent unjust enrichment when one party inequitably receives and retains a benefit from another." *Id*. at 194. The *Morris Pumps* Court stated:

[I]n order to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. In other words, the law will imply a contract to prevent unjust

enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense. [*Id*. at 195 (citation omitted).]

Defendant testified that plaintiff had done some work for her but was compensated because she paid all his bills and provided his housing, free of charge, for the past 12 years. She said that she had paid almost $500,000 toward his bills over that period. Accordingly, the trial court did not err by finding that no *unjust* enrichment had occurred.[2]

Relatedly, plaintiff contends that the trial court improperly failed to conclude that defendant was unjustly enriched by retaining personal property that plaintiff had stored in one of defendant's properties. But the trial testimony was clear that plaintiff had been ordered by the court to retrieve the personal property and did not do so, which plaintiff admitted. And defendant testified that whatever remained in the storage area was "garbage" to her. No error is apparent with regard to the personal property in the storage area.[3]

Additionally, plaintiff contends that the trial court's unjust enrichment ruling was deficient because it failed to specifically address improvements plaintiff made to the so-called Blue Barn, where he had been living. But the trial court clearly concluded that defendant had not been *unjustly* enriched because of the benefits plaintiff had obtained throughout the years. The court was not required to specifically mention the alleged Blue Barn improvements when making its finding on unjust enrichment. Plaintiff contends that, if he is not awarded monies for the Blue Barn improvements, he should be granted a life estate in the Blue Barn on the basis of a letter written by defendant mentioning a "life lease." However, a reading of the complaint reveals that plaintiff was not requesting relief on the basis of the alleged transfer of a life estate in the Blue Barn residence but was seeking payment "for the full amount of Plaintiff's Services." Moreover, the document purporting to grant a "life lease" also stated that defendant was to retain use of the commercial laundry faculties in the Blue Barn, but defendant testified that plaintiff's girlfriend was not giving her access to them. Under all the circumstances, no error is apparent.

Lastly, plaintiff contends that the trial court erred in its campground award because it did not specify on what basis it was awarding the parcels. But it is abundantly clear that the trial court was awarding the campground parcels on the basis of defendant's promise during trial that she would transfer these parcels to plaintiff. The court acted within its equitable powers by holding defendant to her promise. Plaintiff asserts that the court should have awarded him more property within the campground. But the court was relying on defendant's promise in making its award, and defendant promised to convey to plaintiff only two six-acre parcels. And contrary to plaintiff's implication, it was not elicited at trial that not awarding plaintiff more of the campground rendered

---

[2] The trial court also aptly noted that plaintiff had been attempting to hide compensation from Social Security and tax authorities.

[3] Plaintiff, inexplicably, contends that the trial court refused to allow testimony on this subject, but this is not the case. Also, contrary to plaintiff's implication, alleged violations of laws dealing with storage units were not subjects of the complaint.

the award he did receive "useless." Notably, access to the campground was available through the commercial property that defendant deeded to plaintiff.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado